Kinkade, J.
 

 This is an action to recover for professional services rendered. The jury returned a verdict against the plaintiffs in error here for the full amount claimed. A motion for new trial was overruled, and judgment entered on the verdict. The Court of Appeals affirmed the judgment of the trial
 
 *217
 
 court. The plaintiffs in error prosecute error to this court.
 

 When the case was called for trial in the common pleas court, the defendants presented an affidavit of prejudice against the trial judge, which had been filed that day, and asked that the case be assigned for hearing before some other judge. The trial judge announced that he would disregard the affidavit of prejudice for the reason that the same had not been filed at least three days before the day of trial. The defendants met this position of the court by informing the court that the case had first been assigned for trial before another judge, who was not prejudiced against them, and before whom they would have- willingly gone to trial, but that they had been first informed that the case had been reassigned for trial before the judge then present less than twenty-four hours before the time the case had been called for trial; that as soon as they learned of this situation, they endeavored to have the judge then present stand aside and permit the reassignment of the case before some other judge, but that their efforts in this respect were of no avail, and thereupon they took the only course open to them by filing the affidavit of prejudice on the day of the trial. Notwithstanding this explanation, the truth of which was not disputed, the trial judge disregarded the affidavit of prejudice and ordered the parties plaintiff and defendant, over the objections of the defendants, to proceed with the case. Whereupon the defendants elected to withdraw from the courtroom and to not participate in the trial in any manner, fearing, no doubt, that if they participated in the trial they might to- some extent prejudice their rights by so doing. Judgment was entered in the absence of the defendants.
 

 
 *218
 
 The sole error relied on here is that arising out of the action of the trial judge with respect to the affidavit of prejudice. The plaintiffs in error insist that the judgment entered in the trial court was a nullity for the reason that the filing of the affidavit of prejudice completely disqualified the judge from sitting in that case, unless and until it should thereafter, upon a hearing of the charges therein made before the Chief Justice of the Supreme Court, be determined that the trial judge was not in fact so prejudiced. The contention of the defendants in eyror is that the affidavit of prejudice was a nullity for the reason that it was not filed at least three days prior to the trial.
 

 Section 1687, General Code, reads as follows: “When a judge of the common pleas court or of the superior court of Cincinnati is interested in a cause or matter pending before the court in a county of his district, or is related to, or has a bias or prejudice, either for or against, a party to such matter or cause, or to his counsel or is otherwise disqualified to sit in such cause or matter, on the filing of an affidavit of any party to such cause or matter, or of the counsel of any party, setting forth the fact of such interest, bias, prejudice or disqualification, the clerk of the court shall enter the fact of the filing of such affidavit on the trial docket in such cause and forthwith notify the chief justice of the supreme court, who shall designate and assign some other judge to take his place. Thereupon the judge so assigned shall proceed and try such matter or cause. The affidavit herein referred to shall be filed not less than three days prior to the time set for the hearing in such matter or cause.”
 

 
 *219
 
 Where there is a single judge in the county, who hears all cases upon the docket, manifestly all counsel would be obliged to take cognizance of that fact and to conduct themselves in the matter of filing affidavits of prejudicé strictly in accord with the terms of the statute. Where there are several trial judges holding court in the county, and only one of the number is prejudiced against certain members of the bar, and there has been no intimation given that a pending case has been assigned for trial before such prejudiced judge, but, on the contrary, the case has been assigned before another resident judge of that county, and then changed to the docket of the prejudiced judge within twenty-four hours of the time the case is to be called for trial, it is entirely self-evident that in such case the counsel cannot file an affidavit of prejudice against the trial judge more than three days before the day the cause is set for trial. To construe Section 1687 as requiring such action upon the part of counsel is to charge the Legislature with enacting a law that amounts to a plain absurdity. A majority of this court are of the opinion that the Legislature did not intend to require the performance of an impossible act; nor did it intend to so frame the law that a prejudiced judge might insist upon going ahead with the trial, notwithstanding the fact that an affidavit of prejudice had been filed by counsel at the earliest time that it could possibly be known that the case had been assigned for trial before such prejudiced judge.
 

 The trial judge was without authority in this case, under the attending facts, as stated, which are not disputed, to proceed with the trial and enter a judgment therein, and for the reasons stated the
 
 *220
 
 judgment must be held to- be a nullity and reversed, and the ease remanded for further action in accord with this opinion.
 

 Judgment reversed and cause remanded.
 

 Marshall, C. J., Robinson and Jones, JJ., concur.
 

 Matthias, Day and Allen, JJ., dissent.