**NEBGEN v STATE**
**NEBGEN, In Re, Ex Parte**

Ohio Appeals, 6th Dist, Lucas Co

Nos 2872 & 2873.   Decided Nov 6, 1933

Robert N. Gorman, Cincinnati, and Nichools, Morrill, Wood, Marx & Ginter, Cincinnati, for plaintiff in error.

Charles H. Elston, Cincinnati, for defendant in error.

For full opinion see 39 OLR 334; 188 NE 362; 46 Oh Ap 213.

C. R. Webb, Toledo, and Lionel Levy, Toledo, for plaintiff in error.

Frazier Reams, Prosecuting Attorney, Toledo, and Thomas S. Bretherton, Assistant Prosecuting Attorney, Toledo, for defendant in error.

## OPINION

By RICHARDS, J.

The evidence was amply sufficient to justify a conviction. Complaint is made that the affidavit charges more than one offense and more than was established by the evidence. This may be true, but it could result in no prejudice to the defendant, in view of the fact that the amended affidavit was not assailed and that the evidence which was introduced brought the case within the statute.

Complaint is also made of the method of conducting the trial, it being urged that the justice of the peace permitted cheering and prompting of witnesses. The bill of exceptions, however, does not show anything of that character going to the extent that would be prejudicial to the defendant.

The real complaint made in this case, on which it is urged that the judgment should be reversed, is that the justice of the peace had no jurisdiction to hear the case. At the opening of the trial before the justice of the peace, counsel for the defendant made the following statement:

"The defendant waives a jury, enters a plea of not guilty and objects to the jurisdiction of the court."

The justice of the peace thereupon stated that the statute gave special jurisdiction to justices of the peace to try cases of this character and overruled the objection, and the defendant excepted. Thereupon the trial proceeded, resulting in conviction as already stated. At no time was any objection made to a trial before the justice, except that he did not have jurisdiction.

The statutes of Ohio plainly and unequivocally give justices of the peace jurisdiction to try cases of this character and the holding by the justice that he had jurisdiction to try the case was entirely correct.

It is probable that the objection intended to have been made was that the justice of the peace was disqualified to try the case because his compensation depended upon fees which he might be unable to collect unless the defendant should be convicted, and it was claimed in argument in this court that this brought the case within the decision by the Supreme Court of the United States in Tumey v State, 273 U. S., 510, also reported in 50 A.L.R., 1243, where it is followed by an elaborate annotation. There is a very material difference between want of jurisdiction to try a case and disqualification of a judicial officer to try the case. Want of jurisdiction of the subject matter can not be waived, but disqualification of the justice of the peace could be waived and would be waived unless duly made before the trial. In the Tumey case, a specific objection was made that the mayor who tried the case was disqualified by reason of the fact that his compensation depended upon a conviction. The court did not hold that any statute was unconstitutional nor that there was any lack of jurisdiction over the subject matter, but only that the mayor who tried the case was disqualified. The Tumey case has often been cited and commented on, particularly in **Tari v State, 117 Oh St, 481,493.** See also:

**State ex v Thatcher, 124 Oh St, 64;**

**State ex v Commissioners, 124 Oh St, 174, 190.**

We see no conflict between the holdings of the Supreme Court of Ohio and the decision of the Supreme Court of the United States in the Tumey case.

Since the cases relating to the disqualification of a magistrate were decided the Legislature of Ohio, apparently in an attempt to overcome the difficulty arising from the disqualification of a justice of the peace or mayor in certain cases, enacted in the year 1929 as a part of the new criminal code, §13433-19, GC. That section specifically provides the procedure in the event that a magistrate (which word includes by statute a justice of the peace) or judge of a court inferior to the Court of Common Pleas, is claimed to be interested in a case pending before him or is otherwise disqualified to sit in such case. In such event an affidavit may be filed by a party or his counsel objecting to the magistrate sitting, and setting forth the fact of such interest or disqualification. On the filing of such an affidavit, the magistrate is required to enter the filing of the same on his docket and notify the presiding judge of the Court of Common Pleas, whose duty it is to examine the affidavit and if he finds that such disqualification exists, to designate another magistrate or a judge of the Court of Common Pleas to hear and determine the cause. The statute requires that such affidavit shall be filed not less than twenty-four hours before the time set for the hearing of the case, unless such filing is unavoidably prevented. This statute provides a method of procedure for establishing the disqualification of judicial officers of courts inferior to the Court of Common Pleas similar to the method which has long been provided in case disqualification is claimed as to a judge of the Court of Common Pleas or a judge of the Court of Appeals, and is exclusive. No such steps were taken in the case now under consideration. The justice of the peace having unquestioned jurisdiction of the case and no proper steps having been taken to disqualify him from sitting, he was empowered to hear and determine the action.

In case No. 2872, we find no error to the prejudice of the plaintiff in error, and it follows from what has been said that a writ of habeas corpus should not be granted in case No: 2873.

Judgment affirmed in case No. 2872.

Writ of habeas corpus refused in case No. 2873.

WILLIAMS and LLOYD, JJ, concur.