## CAMERON v GORDON

Ohio Appeals, 2nd Dist, Franklin Co

No 3265. Decided Dec 24, 1940

David T. Keating, Columbus, for plaintiff-appellant.

Allen I. Pretzman, Columbus, for defendant-appellee.

## OPINION

By HORNBECK, PJ.

The appeal as it now comes to our attention is on questions of law and the following six errors are assigned:

(1) In reinstating part of an alleged cross-petition on the application without notice of J. P. Gordon, defendant, in that court, after plaintiff had dismissed his action therein.

(2) The court erred in overruling the motion of plaintiff below to set aside said reinstatement.

(3) The trial court erred in trying the action solely on the alleged cross-petition which was a defunct pleading.

(4) The court erred in finding for defendant on said alleged cross-petition.

(5) The court erred in not sustaining plaintiff's motion for a change of venue.

(6) Other errors manifest on the face of the record.

At the outset it may be observed that there is no authenticated testimony before this court. There is no bill of exceptions settled and allowed by the trial judge. There is found among the papers what purports to be a transcript of the proceedings taken before Hon. Dana F. Reynolds, Judge, on the 16th day of January, 1940, marked, "Appellee Gordon's Exhibit B," but there is no certificate whatever of trial judge or court reporter and no agreement of counsel that it constitutes the testimony taken in a hearing in the cause. So that, there is no observance whatever of any provision of the statute which would give the so-called transcript of proceedings any standing in this court as representative of testimony taken in the cause in the trial court. We are, then, in a consideration of the errors assigned, remanded to those only as to which there may be an exemplification in the papers found in the transcript of docket and journal entries from the Common Pleas Court. With this limitation, then, we consider the errors assigned in the order in which they appear.

(1) The action of the court in reinstating the cross-petition of the defendant without notice to the defendant.

and

(2) Error in overruling the motion of plaintiff to set aside the reinstatement.

Chronologically, insofar as germane to these assignments of error, it appears that plaintiff filed his amended petition. Defendant, Gordon, answered, setting up two defenses, and cross-petitioned. Plaintiff replied to certain affirmative matter in the answer and generally denied the averments of the

Errata: The last line in paragraph (1) below Headnote 1 should read "without notice to the plaintiff."

cross-petition. Thereafter the cause came on for trial upon issues joined and was partly tried to Judge Reynolds and cause continued for later hearing. Following this continuance, plaintiff, without notice to counsel for defendant, moved the court for leave to dismiss the action and the court approved an entry dismissing the cause generally at cost of plaintiff. A few days thereafter when counsel for defendant, Gordon, discovered that the cause had been dismissed, which included dismissal of the cross-petition and reply thereto, application was made to the court to modify the former entry of dismissal. No notice was given to plaintiff or his counsel of this application. The application to reform the entry of dismissal, among other things, recites that the cause had been partly tried before Judge Reynolds, sitting in the equity room; that it was set for final trial on January 16, 1940; that the entry of dismissal was submitted to the court without knowledge of the defendant, Gordon, and that he desires to introduce evidence under his cross-petition.

The court in sustaining the motion to reform plaintiff's entry of dismissal found that all of the recitals of the application were true and it was ordered, which was carried into an entry, plaintiff's entry of dismissal be reformed to effect that the plaintiff's petition only be dismissed at plaintiff's cost and that the cause be retained for trial upon the cross-petition of defendant, Gordon.

This action of the trial judge was vigorously contested by plaintiff and was made the subject of an attempted appeal which was dismissed.

It is now urged that the court erred to the prejudice of plaintiff in reforming the entry and providing that the cause should proceed upon the cross-petition, because, among other reasons, plaintiff had no notice of the application to reform. It is obvious that under the circumstances it would have been appropriate to have given due notice both on the original motion to dismiss the cause and upon the subsequent application to modify plaintiff's entry of dismissal.

It is difficult for this court to believe that experienced counsel in this case should not have recognized the obligation in both instances to give notice to opposing counsel of the orders which the court was requested to make. Counsel for plaintiff must have known that there would be objection to an entry dismissing not only the petition but the cross-petition and reply as well, in view of the fact that the issues drawn had been, in part, heard. The fact that counsel for plaintiff did not see that defendant's counsel was notified did not excuse the failure of counsel for defendant, Gordon, to see to it that plaintiff's counsel was notified on the motion to modify. The situation thus created is well illustrated by the old adage that two wrongs never make a right. We are, however, convinced that eventually the court, after having all counsel present, gave full consideration to the correctness of the entry on defendant's application. We do not have the rule of Common Pleas Court as to notice, which it is insisted was violated by counsel for defendant, Gordon, but we know that there is such a rule. However, a reviewing court will seldom disturb the interpretation of a rule, as made by a member of the court which promulgated it, unless and until it affirmatively appears that a party has been prejudiced by the failure to observe the rule. The action of the court with respect thereto will not be disturbed.

It is obvious that Judge Leach, who afterwards passed upon the application of plaintiff to reconsider the order on the motion of defendant, Gordon, to reform the entry of dismissal, was cognizant of the failure of the attorneys in the case to observe the amenities respecting notice and in his entry on plaintiff's motion to strike the entry of reformation from the files, made what purported to be a temporary order only without prejudice to a reconsideration of the question when the matter came on the next day for hearing. Insofar as we can learn from the

transcript, no other or further order was made on the subject. We are satisfied that the plaintiff was not prejudiced by the action of the court in the particulars challenged by assignments of error Nos. 1 and 2.

The third assignment of error is that the court erred in trying the action on the, "alleged cross-petition". The amended petition was on a contract in writing, of date. July 22, 1937, alleged to have been entered into between the plaintiff, the defendant, and Carl Robinson by the terms of which each was to have an equal one-third interest in material and equipment purchased for drilling oil wells on certain land in Clay County, Illinois.

It is averred that by virtue of the contract, defendant was trustee for the plaintiff; that Gordon in violation of the terms of the contract had incurred indebtedness, had not made full and complete monthly reports of the income received and expenses paid out in the operation of the project and failed to make statements of business matters incident to the handling of the leased real estate, had improperly carried on certain operations incident to the drilling of a well, had neglected to properly care for certain other wells and had failed in many other particulars set out in the petition to protect the interests of plaintiff.

The prayer was for the appointment of a receiver, that defendant be required to account for funds lost by mismanagement in violation of the agreement and for all other relief as was equitable and proper.

The defendant answered, setting up two defenses and by way of cross-petition averred, in substance, that plaintiff represented to the defendant that Walter Duncan held an oil lease on certain of the real estate which he, for consideration of $4000.00, would assign to defendant, if, in addition thereto, Duncan would be given the contract to drill one or more wells on the tract and the defendant would deposit $5000.00 to secure the drilling costs on said tract; that defendant, pursuant to the representations, did advance $4000.00 to

the plaintiff, deposited the $5000.00 in escrow and agreed to give plaintiff a one-third interest in the lease, a one-third interest in oil or gas produced thereon and a one-third interest in drilling equipment and material. Such interests to become absolute only after defendant had been reimbursed for the cost of the lease, drilling and other incidental expenses, together with interest on the funds so advanced.

The cross-petition is lengthy but the gist thereof is, that the representation of plaintiff that $4000.00 was required to pay Duncan for the assignment of the lease was false and that the plaintiff took the $4000.00 check intended for the purchase price of the lease, cashed it and received the proceeds therefrom; that the representations as to the purchase price were false and fraudulent and known to be so and made with the intent to deceive the cross-petitioner and that such representations were intended to and did induce the defendant to enter into the contract which he would not have done had he known the true facts.

The prayer of the cross-petition was that the contract heretofore set out and any other contracts entered into between defendant and the plaintiff concerning the lease of the tract described in the petition of the development of oil thereon be rescinded and declared invalid. The cross-petitioner also prayed that he have and recover the sum of $4000.00 from the plaintiff with interest.

To the cross-petition of defendant, Gordon, the plaintiff filed a reply. Thereafter, it appears that the cause was submitted to the court upon the cross-petition of the defendant, Gordon, and plaintiff's answer thereto and upon the evidence, argument of counsel and briefs and it was found that the plaintiff by fraud and misrepresentation obtained from defendant, Gordon, the contracts of July 15, 1937, and July 22, 1937, and that said contracts should be cancelled, rescinded and set aside and it was so adjudged and ordered.

There is then left only the question whether or not the cross-petition of

defendant, Gordon, set up a cause of action which he had a right to have determined independently of the petition of plaintiff which had been dismissed at the time the issue drawn by the cross-petition and reply came on to be heard. We are in no doubt that the cross-petition stated ground for cancellation of the contracts under consideration and plead facts which, if true, constituted fraudulent practice which induced the making of the contracts.

The cross-petition clearly was more than a general denial of the averments of the petition or a setting up of facts which, if true, would be defensive only of the averments of the petition.

The amended petition, set up a separate and distinct cause of action for cancellation of the contracts, a remedy which the defendant, Gordon, had a right to invoke in a court of equity. The court into which the defendant had been brought by the petition of plaintiff and summons thereon, had jurisdiction and when the cross-petition was filed with process issuing thereon, the defendant was subjected to the jurisdiction of the Common Pleas Court and required to meet the cause of action set up in the cross-petition, upon issue made by the reply.

The facts set up in the cross-petition in this cause may be clearly differentiated from those appearing in the case upon which appellant relies, namely, Quebec Bank v Weygand and Jung, 30 Oh St 126, where the court points out that the matter in the answer of defendants in that case was defensive only and was not properly the basis of any affirmative action of the court.

But it is urged that defendant, Gordon, had dismissed his cross-petition in so far as it sought recovery of a money award. The formal waiver of this portion of the prayer does not appear in the transcript but, if it be assumed that defendant did waive as to his claim for money, it would not remove from the cross-petition any of the averments which were appropriate to the prayer of the cross-petition for cancellation of the contracts set up.

We are satisfied that the third assignment of error is not well made.

The fourth assignment of error is that the court erred in finding for defendant on said alleged cross-petition. We have heretofore indicated that there is no evidence before us. It must be assumed that there was testimony before the trial judge which was sufficient to support the allegations of the cross-petition.

The fifth error assigned is that the court erred in not sustaining plaintiff's motion for change of venue. We find of date, January 16, 1940, a motion of plaintiff for change of venue for the reasons set out in the affidavit marked Exhibit A and such affidavit of plaintiff is in the transcript and is as follows:

"C. S. Cameron, being first duly sworn, states that at the time his case was assigned for trial in September, 1939, the trial court overruled his objections and permitted witnesses from Illinois for defendant Gordon to take the stand before he, Cameron, could present his own case and testify against him, although, affiant stated he would permit said witnesses to return to Illinois and come back another time fixed by the Court, as proper examination of these witnesses could not be made until his case had been presented.

"At the recess time during said trial the trial court stated to affiant that 'he was nothing but a lease peddler' which statement was incorrect and which caused affiant to state to the court 'I resent that remark' and that instead of being a lease peddler he had sold some of his own holdings for $1,250,000.00 near Marietta, Ohio, and retained his share or ¼.

"Affiant further says that at the said partial trial of this case, this Court stated that it made no difference whether Robinson, who was agent for defendant Gordon according to Gordon's sworn testimony or whether Cameron who was in no way agent for Gordon, took the $4000.00 check to Illinois, and thus prejudging plaintiff's case in such a manner that he can not possibly have a fair trial."

Errata: The first line in the second paragraph, first column, should read "The cross-petition set up * * *."

The entry relative to this motion is as follows:

"On January 16th, this cause came on to be heard on the motion of plaintiff for change of venue, was argued by counsel and submitted to the court. Upon consideration whereof the court overruled said motion to which plaintiff excepted."

The motion, the affidavit in support thereof and the entry thereon are all that we have before us on the 5th assignment of error and the question is, was the action of the trial court prejudicial to the plaintiff. We may consider the subject matter of the affidavit, although, it is not █ carried into a bill of exceptions and thus is an exception to the rule as to the manner of the bringing of testimony before a reviewing court. **Barclay v Salmon, 17 O. C. C. 152.**

Sec. 1687 GC, provides for a change of venue in Common Pleas Court, etc., and says. that.

"When a judge of the Common Pleas Court * * * has a bias or prejudice, either for or against a party to such matter or cause, * * *, on the filing of an affidavit of any party to such cause, * * * setting forth the fact of such * * *, prejudice, * * * the clerk of court shall enter the fact of the filing of such affidavit on the trial docket in such cause and forthwith notify the Chief Justice of the Supreme Court, who shall designate and assign some other judge to take his place. Thereupon the judge so assigned shall proceed and try such * * * or cause. The affidavit herein referred to shall be filed not less than three days prior to the time set for the hearing in such * * * cause."

This section is appropriate only for a county wherein there is but one Common Pleas Judge, but as it is the only enactment on the subject it must be given application and has been employed in counties where there are two or more judges. The title of the section, "Change of Venue in Common Pleas Court", also seems to be inexact. Venue in law is associated with the place where an issue is to be tried and not the officer or tribunal which shall try the issue but the section clearly has application to the disqualification of a judge and the conditions under which he shall be required to step aside and the method of naming another to serve in his stead. The courts have interpreted this and prior related sections in many instances, notably in **Barclay v Salmon, 17 O. C. C. 152,** where it was held that it was not necessary in an affidavit for a change of venue to state facts showing interest, bias or prejudice but merely to aver interest, bias or prejudice or other disqualifying fact, and followed **State v Shaw, 43 Oh St 324,** which held that, when the affidavit was filed the duties of the clerk are ministerial and not judicial and that he should enter the fact of the filing of the affidavit on the trial docket and thereupon the judge against whom the affidavit is directed is disqualified to sit in such cause. **Frederick v Owens, 25 O. C. C. (N.S.) 581,** wherein the court divided on the question whether or not the filing of the proper affidavit under §1687 GC, in and of itself disqualified the trial judge. This matter, however, has been completely cleared up by our Supreme Court in the case of **State ex Chute v Marshall, 105 Oh St 321,** where, in a per curiam, the court held that under the **Constitution of Ohio, 1912, Sec. III, Art. 4,** in conjunction with §1687 GC and §2253-1 GC, it was contemplated that when a proper affidavit is filed under §1687 GC, that a hearing and determination of the question of bias or prejudice be had by the Chief Justice and later in **Wolf et v Marshall et, 120 Oh St 216,** the Court said in the first syllabus that,

"Sec. 1687 GC, does not require the filing of an affidavit of prejudice at least three days before the time of trial in cases where it is impossible to identify the judge before whom the case is to be tried at least three days before the trial."

And in the second syllabus,

"In such cases, if the affidavit be filed at the earliest moment when counsel can know who the trial judge is to be, and before the beginning of the trial, it is the duty of the trial judge to be governed by the affidavit of prejudice so filed in all respects the same as if it had been filed at least three days prior to the day of trial, and to disregard such affidavit of prejudice and proceed with the trial constitutes prejudicial error."

In this case we must test the action of the trial judge in the light of the pronouncements of the Supreme Court from which we have just quoted. It is obvious that the provision of the section that the affidavit therein referred to shall be filed not less than three days prior to tne time set for the hearing in such cause, is a prerequisite to relief under the section, unless there appears reasonable cause for the failure to observe the statute.

In this case there is nothing to acquaint us with any fact which would relieve the affiant from presenting the affidavit within the period prescribed by the section. It does not appear that the affidavit was filed at the earliest moment after counsel knew who the trial judge would be nor before the beginning of the trial. It may be that some or all of the requisites essential to the operative effect of the affidavit under Wolf v Marshall, supra, may have been missing. We gather from the defendant's application seeking reformation of plaintiff's entry of dismissal, which the court found to be true, that the cause had been partly tried before Judge Reynolds before the continuance to January 16, 1940, and the affidavit of plaintiff discloses this fact. This knowledge put counsel for defendant on notice that in all probability the trial of the case, if resumed, would be before the judge who had heard a part of it. In the briefs, it is urged at length that defendant's counsel had no reason to believe that Judge Reynolds would hear the cause because he had, prior to the date fixed for the hearing, namely, January 16, 1940, been transferred from the equity room to which the case would properly have been assigned. We can not consider this observation. It is not in the affidavit. On the contrary, it recognizes that the trial had theretofore proceeded before Judge Reynolds.

It may also have appeared to the trial judge, and, it may be the fact, that the affidavit was not filed before the beginning of the last hearing. If either or both of these conditions existed, even though it may have been appropriate for the clerk to certify the filing of the affidavit to the Supreme Justice of the Court, we can not say that the plaintiff was prejudiced in the failure so to do. A presumption of regularity and validity attends the procedure of the trial judge. We can not say that the action of the trial judge in requiring the plaintiff to proceed with the hearing and in overruling the motion for change of venue constituted error to the prejudice of plaintiff.

We have considered all of the specific errors discussed by counsel for their parties in their briefs. The judgment will be affirmed.

GEIGER & BARNES, JJ., concur.

## APPLICATION FOR REHEARING

No. 3265. Decided Jan 16, 1941

BY THE COURT:
Submitted on application of plaintiff-appellant for rehearing. The application is not directed to any specific ground upon which we decided the appeal, but refers generally to the assignments of error. In conjunction with the application there are filed several affidavits, the tenor of which is to effect that counsel for appellant acted in the trial court to cause the trial judge to step aside as soon as he learned that he was to preside in the case. These affidavits are extended

and go to the question, but we know of no provision of law or of authority by which we can consider them in this appeal which is on questions of law. All of them relate to subject matter which occurred during the progress of the hearing and trial in the Common Pleas Court and, if correct, are essentially a part of the record there made, and can properly be brought to our attention only through a bill of exceptions, or in the transcript of docket and journal entries.

The transcript of all of the docket and journal entries and original papers in the case were properly certified to this Court.

In our original decision we gave careful attention to all errors assigned and upon reconsideration find nothing which would require the sustaining of the application for rehearing. It will therefore be denied.

HORNBECK, PJ., GEIGER & BARNES, JJ., concur.