HOUSEHOLD CONSUMER DISCOUNT COMPANY, APPELLEE, *v.* POKORNY ET AL., APPELLANTS.

[Cite as Household Consumer Discount Co. v. Pokorny (1978), 60 Ohio App. 2d 253.]

(No. 37818—Decided November 30, 1978.)

*Mr. George S. Womer,* for appellee.
*Mr. Sanford I. Atkin,* for appellants.

CORRIGAN, C. J. This is an appeal from an order of the trial court entering judgment in favor of the plaintiff appellee, Household Consumer Discount Co. The record reflects that the plaintiff commenced this action by filing a complaint for money damages against the defendant appellant, Russell

Pokorny, on August 2, 1976. The complaint was based on a note which had been executed by the appellant. The complaint recited that the amount which was due on the note was one thousand two hundred forty-two dollars and forty-four cents. In the demand for judgment, the plaintiff stated that the damages were the outstanding balance of the note plus interest of six percent per annum from July 14, 1976, the day of default.

In his answer, the appellant denied owing any money on the note to the plaintiff. The appellant also filed a third-party complaint against Trotter Ford, alleging that all of the money due from the note had been paid to the third-party defendant. A pre-trial conference was scheduled on February 2, 1977. The record shows that Trotter Ford, the third-party defendant, was the only party to appear at the conference. At that time the court granted leave for Trotter to file a motion for summary judgment. The motion was filed on February 14, and granted by the court on March 10, 1977.

In the journal entry filed on the day of the pre-trial conference, February 2, the trial court also stated that the case was scheduled to be tried before a jury on March 30, 1977, at 10 a.m. On March 29, 1977, the appellant filed a motion to disqualify the trial judge. In the affidavit accompanying the motion for disqualification, the appellant's counsel stated that the trial judge had demonstrated bias and prejudice against him, thus reducing his ability to effectively represent his client.

The motion for disqualification was overruled by the trial court on the same day on the grounds that it was not timely filed. The trial commenced the next day, March 30, 1977. At the close of the evidence, the trial court directed a verdict in favor of the plaintiff. Judgment was entered in favor of the plaintiff in the amount of one thousand two hundred ninety-three dollars and eighteen cents. From that judgment, the appellant filed a timely notice of appeal.

The sole issue raised by the appellant for review is whether or not the trial court had the authority to rule on the motion for disqualification.

R. C. 2937.20 provides that a party may seek to disqualify a judge of a court inferior to the Court of Common Pleas on the grounds of bias or prejudice by filing an affidavit

setting forth the reasons for disqualification. The affidavit should be filed in the court where the case is pending and the movant should notify the Presiding Judge, or the Chief Justice of the Common Pleas Court, and if such judge is not available, then a Common Pleas Court judge, or a judge of the Probate Court. The judge to whom the affidavit is presented shall then determine its merits. R. C. 2937.20 further provides:

· "Such affidavit must be filed not less than twenty-four hours before the time set for the hearing of said cause, unless such filing is unavoidably prevented. This section applied to criminal and civil proceedings."

In the present case the affidavit of prejudice was filed on March 29, 1976. A notation on the motion next to the filing date stamp indicates that the motion was filed at 1:10 p.m. The trial court overruled the motion on the grounds that it was not filed more than twenty-four hours prior to trial.

An affidavit of prejudice setting forth facts of disqualification is not conclusive proof of a judge's bias or prejudice. *Duncan* v. *State ex rel. Brown* (1910), 82 Ohio St. 351. Once the affidavit has been filed, however, the proceedings should not go forward until a judge who is designated in the statute has had an opportunity to review the merits of the claim and to make a determination on the issue. *Tumbleson* v. *Noble* (1959), 109 Ohio App. 242. In his brief the appellant relies primarily on *Cuyahoga County Bd. of Mental Retardation* v. *Association* (1975), 47 Ohio App. 2d 28. In that case the trial judge disregarded a properly filed motion for disqualification and continued with the proceedings. On appeal, this court held that once the motion for disqualification had been properly filed, the trial court was without authority to proceed with the case until the Chief Justice of the Ohio Supreme Court has determined the issue of disqualification.[1]

The *Board of Mental Retardation* case, however, is not

---

[1] The trial judge in *Board of Mental Retardation* was a judge of the Common Pleas Court. The procedure for seeking disqualification of a Common Pleas judge is contained in R. C. 2701.03. While substantially similar to the statute in the present case, R. C. 2701.03 provides that the disqualification motion shall be decided by the Chief Justice of the Ohio Supreme Court. R. C. 2701.03 also provides that the motion shall be made within three days of the hearing or trial, rather than the twenty-four hour limit imposed in R. C. 2937.20.

dispositive of the issue which is currently before this court. The facts in that case show that the trial court proceeded with the case after he had been instructed by the Chief Justice of the Ohio Supreme Court to take no action in the case until the motion for disqualification had been determined. *Id.*, at 30, 37. Moreover, the trial court's actions, by proceeding with the case after the motion had been filed, were tantamount to an overruling of the motion on its merits.[2] In the present case, however, the motion was overruled on a procedural ground that is, the timeliness of the motion.

In *Wolfe* v. *Marshall* (1929), 120 Ohio St. 216, the Supreme Court reversed a judgment where the trial court disregarded a motion for disqualification on the grounds that the motion was not filed three days prior to the commencement of trial, as required by statute.[3] In *Wolfe* the judge against whom the motion for disqualification was directed was assigned to the case less than twenty-four hours before the trial was scheduled to commence. On appeal, the court concluded that because of particular facts of the case, compliance with the three-day filing requirement was impossible. *Id.*, at 219.

A similar issue to that raised in the *Wolfe* case was before this Court in *Walker* v. *Stokes* (1977), 54 Ohio App. 2d 119. In *Walker* the defendant filed a motion for disqualification two days before the trial was scheduled to commence. The day before the disqualification motion was filed, the trial court ordered the defendant's attorney to appear in court and show cause why he should not be held in contempt. The show cause proceeding arose out of some comments made by the defendant's counsel to the Court of Appeals in an unrelated case. The show cause order was also the basis of the defendant's motion for disqualification. On appeal, this court stated that the time limits for filing a disqualification motion were not mandatory and that the motion could still be considered if it appeared that the movant had reasonable cause for not complying with the time limit. *Id.*, at 122.

---

[2] It is not clear from the facts set out in *Board of Mental Retardation* whether the trial court made a formal entry overruling the motion for disqualification, or merely ignored it and continued with the case.

[3] R. C. 2701.03. *See* note 1, *supra.*

In both *Wolfe* and *Walker* the issue was whether or not the appellant had good cause for not timely filing the motion for disqualification. The determination of this issue necessarily involves the discretion of the court. Thus, like a determination of the motion on its merits, the issue of whether or not the movant had good cause for filing a late motion should not be decided by the judge against whom the motion is directed. When, however, an untimely motion for disqualification does not present any facts to show why the motion could not have been filed within the statutory time, the exercise of judicial discretion is not required to rule on the motion. In such a case, the trial court need not wait for outside determination of the motion, but rather, may overrule it and proceed with the trial. *Cameron* v. *Gordon* (1933), (1940), 33 Ohio Law Abs. 182, 188. *See also Nebgen* v. *State* (1933), 47 Ohio App. 431, (motion raised for first time during opening statement).

In *Walker* v. *Stokes, supra,* the court stated that "whether an affidavit of disqualification is timely filed is an issue to be determined by the Chief Justice," pursuant to the governing statute. *Id.,* at 122.[4] While this statement is correct, it should be limited to those cases in which the question of timeliness involves the exercise of judicial discretion. To give this statement in *Walker* general application, including those cases in which no reason is given for the failure to comply with the filing requirements of the applicable statute, would be to open the door to the use of frivolous motions by attorneys, with the result being merely a delay in the trial while another judge determines that the motion is procedurally deficient. Therefore, when a motion for disqualification is not timely filed, and the accompanying affidavit does not set out any facts to show that the motion could not have been filed on time, the judge against whom the motion was directed may overrule the motion and proceed with the trial. As long as the ruling on the motion does not require the exercise of judicial discretion, there is no need to have another judge rule on the motion.

In the present case the record shows that the motion for disqualification was not filed more than twenty-four hours

---

[4] *Walker* involved a disqualification of a Common Pleas judge. Therefore, R. C. 2701.03 rather than R. C. 2937.20 was the applicable statute.

before the commencement of trial, as required by R. C. 2937.20. The record also indicates that the parties were informed of the trial date by the court almost two months earlier. In addition, neither the motion nor the accompanying affidavit set forth any facts to show that the motion could not have been timely filed.[5] Therefore, the trial court did not err in overruling the motion for disqualification and proceeding with the trial. The appellant's assignment of error is not well taken and the judgment of the trial court is affirmed.

*Judgment affirmed.*

KRUPANSKY and PATTON, J J., concur.

---

[5] The affidavit in the present case merely stated that the trial court had demonstrated bias and prejudice against the appellant's counsel. No facts were provided to support the conclusion that the court was biased or prejudiced. Nor were any facts stated which would have shown that the biased or prejudiced attitude did not exist or could not have been discovered prior to the deadline for filing the motion.