IN RE DISQUALIFICATION OF BADGER: APPLE VALLEY SALES, INC. ET AL. *v.*
APPLE VALLEY PROPERTY OWNERS ASSOCIATION, INC. ET AL.

[Cite as In re Disqualification of Badger (1989), 43 Ohio St. 3d 601.]

(No. 88-AP-193—Submitted January 30, 1989—Decided February 10, 1989.)

ON AFFIDAVIT OF DISQUALIFICATION.

MOYER, C.J. The affidavit of disqualification herein filed by plaintiff Matthew Tripodo seeks the disqualification of Judge Thomas D. Badger from further proceedings in case No. 8404BR220 in the Court of Common Pleas of Knox County. Affiant makes several allegations which are legally and factually insufficient to sustain a finding of bias or prejudice.

In earlier proceedings in this case, Judge Badger's ruling on a motion for summary judgment was adverse to affiant, who has a motion for relief from judgment presently pending in the trial court. It is noted that the record before me reflects that Judge Badger's ruling has been upheld on appeal. Affiant, however, suggests that Judge Badger should be disqualified from hearing the motion for relief from judgment because to do so would require the judge to review the correctness of his prior ruling on the motion for summary judgment.

In the absence of evidence of bias, prejudice, or other disqualifying factors, a judge who earlier ruled on a motion for summary judgment is not automatically disqualified from hearing a subsequent motion for relief from judgment or for a new trial filed by a party adversely affected by the summary judgment ruling. In this case, I find no evidence of bias, prejudice, or other disqualifying factors. Cf. *In re Disqualification of Kilbane* (1989), 42 Ohio St. 3d 602, 536 N.E. 2d 1153; and *In re Disqualification of Buck* (1989), 42 Ohio St. 3d 602, 536 N.E. 2d 1153.

It also appears from the record that by notice dated November 1, 1988, a non-oral hearing on affiant's motion had been scheduled for December 5, 1988, and that this affidavit of disqualification was filed on December 8, 1988.

R.C. 2701.03 requires that an affidavit of disqualification be filed at least three days before the scheduled hearing. Therefore, this affidavit was not timely filed.

Further, since the affidavit was not timely filed and it did not set forth facts to show that it could not have been filed on time, the trial judge could have overruled the affidavit and proceeded with the hearing. *Bedford* v. *Lacey* (1985), 30 Ohio App. 3d 1, 30 OBR 38, 506 N.E. 2d 224; *Household Consumer Discount Co.* v. *Pokorny* (1978), 60 Ohio App. 2d 253, 14 O.O. 3d 232, 396 N.E. 2d 803.

For the foregoing reasons, the affidavit of disqualification is found not well-taken and is hereby dismissed.