In re Disqualification of Nichols.

Spencer v. Spencer.

[Cite as *In re Disqualification of Nichols* (1989), 74 Ohio St.3d 1215.]

(No. 89–AP–100—Decided October 23, 1989.)

Moyer, C.J. The affidavit of disqualification herein was filed by defendant Richard A. Spencer seeking the disqualification of Judge Robert D. Nichols of the Madison County Court of Common Pleas, sitting by assignment, from further proceeding in case No. 88–CIV–162 in the Common Pleas Court of Clark County.

The affidavit alleges errors of law or irregularities in procedure in the trial of this matter. Alleged errors of law or procedure are legal issues subject to appeal and are not grounds for disqualification. *In re Disqualification of Light* (1988), 36 Ohio St.3d 604, 522 N.E.2d 458.

Now pending before Judge Nichols is affiant's motion for a new trial. Affiant argues that the granting of this motion for a new trial will necessarily require an admission by the trial judge of errors or irregularities in the conduct of the trial, and that the trial judge should therefore be disqualified from deciding this motion.

A judge is presumed to follow the applicable law in all respects, *In re Disqualification of Martin* (1987), 36 Ohio St.3d 603, 522 N.E.2d 457, and it is presumed that a judge will follow the law in ruling upon a motion for a new trial when that same judge presided during the original trial.

It has previously been held that a judge who presided at trial is not thereby disqualified from hearing a motion to vacate or set aside sentence. *In re Disqualification of Kilbane* (1989), 42 Ohio St.3d 602, 536 N.E.2d 1153. It has also been held that a judge who granted a motion for summary judgment is not automatically disqualified from hearing a subsequent motion for relief from that judgment. *In re Disqualification of Badger* (1989), 43 Ohio St.3d 601, 538 N.E.2d 1023. It follows that a judge who presided at trial is not for that reason disqualified to rule upon a subsequent motion for a new trial.

For these reasons, the affidavit of disqualification is found not well taken and is hereby dismissed.