[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 1217.]

IN RE DISQUALIFICATION OF RUSSO.

WHITE ET AL. *v.* DERRICK, EXR., ET AL.

[Cite as *In re Disqualification of Russo*, 1997-Ohio-21.]

*Judges—Affidavit of disqualification must be filed not less than seven days before next hearing, unless facts are set forth to show that it could not have been filed on time—R.C. 2701.03(B)—Reconsideration of first affidavit of disqualification not required when arguments are essentially restated.*

(No. 97-AP-107—Decided September 30, 1997.)

ON AFFIDAVIT OF DISQUALIFICATION in Cuyahoga County

Court of Common Pleas case No. 302146.

————————————

MOYER, C.J.

{¶ 1} Affiant, Margaret Mary Meko, counsel for the defendants Ethel W. Derrick, executor of the estate of Milford Derrick et al., in the above-captioned case, has filed a motion requesting reconsideration of an August 1, 1997 entry denying her affidavit of disqualification. Affiant raises two contentions in support of her motion: (1) that affiant could not have timely filed her affidavit of disqualification prior to trial because of the seven-day requirement of R.C. 2701.03 and, therefore, did not waive her objection to Judge Nancy Russo's participation in the trial; and (2) that Judge Russo has prejudged issues related to affiant's post-judgment motions and should be disqualified.

{¶ 2} Affiant's first contention is not well taken. R.C. 2701.03(B), which contains procedures to implement the authority granted to the Chief Justice by Section 5(C) Article IV of the Ohio Constitution, imposes a requirement that an affidavit of disqualification be filed "not less than seven calendar days before the day on which the next hearing in the proceeding is scheduled." However, the

statutory time requirement has been held not to apply where the affidavit sets forth facts to show that it could not have been filed on time. *In re Disqualification of Badger* (1989), 43 Ohio St.3d 601, 538 N.E.2d 1023, citing *Bedford v. Lacey* (1985), 30 Ohio App.3d 1, 30 OBR 38, 506 N.E.2d 224, and *Household Consumer Discount Co. v. Pokorny* (1978), 60 Ohio App.2d 253, 14 O.O.3d 232, 396 N.E.2d 803. Thus, affiant could have raised the issue of Judge Russo's alleged bias and prejudice prior to the trial by filing an affidavit of disqualification and including in that affidavit the circumstances that precluded her from complying with the seven-day requirement of the statute.

{¶ **3**} Affiant's second contention essentially represents a restatement of arguments made in support of her original affidavit of disqualification. As these allegations previously were considered in ruling on the affidavit of disqualification, reconsideration of the August 1, 1997 ruling is not required.

{¶ **4**} For these reasons, the motion for reconsideration is overruled, and the case shall proceed before Judge Russo.

_____