[Cite as *State v. Phillips*, 2014-Ohio-4947.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 14AP-362 |
| v. | : | (C.P.C. No. 12CR-3644) |
| Malcolm Phillips, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on November 6, 2014

*Ron O'Brien*, Prosecuting Attorney, and *Michael P. Walton*, for appellee.

*Robey & Robey* and *Gregory Scott Robey*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, Malcolm Phillips, appeals from a decision and entry of the Franklin County Court of Common Pleas denying appellant's motion for a new trial. Because the trial court did not abuse its discretion in denying appellant's motion for a new trial, we affirm.

I. Facts and Procedural History

{¶ 2} By indictment filed July 20, 2012, plaintiff-appellee, the State of Ohio, charged appellant with one count of possession of cocaine, in violation of R.C. 2925.11, a first-degree felony with an accompanying firearm specification, and one count of having a weapon while under disability, in violation of R.C. 2923.13, a felony of the third degree.

{¶ 3} At trial, the state presented evidence that a trash pull conducted on January 27, 2012 at appellant's residence produced a trace amount of cocaine and

packaging materials consistent with cocaine trafficking. A subsequent search warrant issued on January 31, 2012, based in part on the result of the trash pull, yielded approximately $5,000 in cash and a digital scale with a trace amount of cocaine on it. The next day, February 1, 2012, appellant rented a storage unit at 5275 Gender Road.

{¶ 4} Two days later, on February 3, 2012, appellant was a passenger in his own vehicle being driven by Bruce Wiggins. During a traffic stop and search of the vehicle, police arrested appellant for possession of marijuana and cocaine. Police conducted a search incident to arrest of appellant's person and found an access card for the storage unit. Later that day, police located the storage unit, and a police canine alerted to the presence of a narcotics odor inside the unit. While police waited for a search warrant to issue, two plain-clothes police officers guarding the unit saw appellant driving his vehicle toward the unit. Two other men, Wiggins and Deandre Green, were in the vehicle with appellant. The three men attempted to flee the scene, but police eventually apprehended appellant.

{¶ 5} Once the search warrant for the storage unit issued, police officers opened the unit and found that it was largely empty. The only items in the storage unit were an empty box and a black duffel bag. The duffel bag contained 138 grams of cocaine, two firearms, and cash.

{¶ 6} Following the trial, the jury returned guilty verdicts as to all counts. After a sentencing hearing, the trial court sentenced appellant in a January 13, 2014 judgment entry to a term of imprisonment totaling 13 years. Appellant timely appealed his conviction to this court, and that appeal is still pending. *State v. Phillips*, 10th Dist. No. 14AP-79.

{¶ 7} On January 13, 2014, appellant filed a motion for a new trial based on newly discovered evidence pursuant to Crim.R. 33(A)(6). Appellant included with his motion an affidavit from Green. The trial court conducted a hearing on appellant's motion on February 21 and March 28, 2014. Green, appellant's only witness at the hearing, testified that he approached appellant's counsel after appellant's sentencing to inform him that the drugs found in appellant's storage unit actually belonged to Wiggins.

{¶ 8} According to Green's testimony, Wiggins called Green a week before appellant's arrest to tell Green that he "had came [sic] up on some stuff like and he was

going to make a lot of money off of it." (Feb. 21, 2014 Tr. Vol. I, 15-16.) Green understood the "stuff" to mean drugs that Wiggins had stolen from someone else. Green further testified that, on February 3, 2012, Wiggins called Green after appellant's arrest for drug possession. According to Green's testimony, in this conversation, Wiggins informed Green that appellant was going to jail, and Wiggins said he needed to "find something to do with this other stuff that I got." (Feb. 21, 2014 Tr. Vol. I, 20.) Green then testified that, when he accompanied Wiggins and appellant to the storage unit, it was Wiggins who yelled for appellant to "pull off" and to "get out of here" after spotting the plain-clothes police officers. (Feb. 21, 2014 Tr. Vol. I, 18.) When asked why he did not come forward with this information before or during appellant's trial, Green testified he "was scared, and * * * didn't want to get in no trouble also." (Sic.) (Feb. 21, 2014 Tr. Vol. I, 22.) Green also testified he did not realize appellant would face such a severe sentence for these crimes.

{¶ 9} In a decision and entry dated April 2, 2014, the trial court denied appellant's motion for a new trial. Appellant timely appeals.

## II. Assignments of Error

{¶ 10} Appellant assigns the following three errors for our review:

> [1.] The trial court erred and abused its discretion in overruling appellant's motion for a new trial.
>
> [2.] The trial court erred in its factual findings creating an abuse of discretion in denying appellant's motion for a new trial.
>
> [3.] The trial court abused its discretion when it permitted the state to attack upon the credibility of defense counsel and Deandre Green, by questioning the circumstances of when the affidavit was signed, without a solid basis to do so, thereby prejudicing appellant.

## III. Standard of Review and Applicable Law

{¶ 11} The decision of whether to grant a new trial pursuant to a Crim.R. 33 motion rests within the sound discretion of the trial court. *State v. Salinas*, 10th Dist. No. 09AP-1201, 2010-Ohio-4738, ¶ 40, citing *State v. Schiebel*, 55 Ohio St.3d 71, 76 (1990). An appellate court reviews a trial court's determination of a Crim.R. 33 motion for an

abuse of discretion. *Id.*, citing *Schiebel*; *State v. Townsend*, 10th Dist. No. 08AP-371, 2008-Ohio-6518, ¶ 8. An abuse of discretion implies the trial court's decision was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 12} A trial court may grant a new trial under Crim.R. 33(A)(6) "[w]hen new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial." The language of Crim.R. 33 makes it clear that a trial court should not grant a new trial " 'unless it affirmatively appears from the record that a defendant was prejudiced by one of the grounds stated in the rule, or was thereby prevented from having a fair trial.' " *Salinas* at ¶ 41, quoting *Columbus v. Carroll*, 10th Dist. No. 96APC01-90 (Aug. 27, 1996).

## IV. First Assignment of Error – Motion for New Trial

{¶ 13} In his first assignment of error, appellant argues the trial court abused its discretion in denying his motion for new trial. According to appellant, Green's affidavit and testimony at the motion hearing constitute newly discovered evidence under Crim.R. 33(A)(6) entitling appellant to a new trial.

{¶ 14} Newly discovered evidence may warrant a new trial if the defendant demonstrates:

> that the new evidence (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before trial, (4) is material to the issues, (5) is not merely cumulative to the other evidence, and (6) does not merely impeach or contradict the other evidence.

*State v. Burke*, 10th Dist. No. 06AP-686, 2007-Ohio-1810, ¶ 17, citing *State v. Hawkins*, 66 Ohio St.3d 339, 350 (1993); *State v. Petro*, 148 Ohio St. 505 (1947), syllabus; *State v. Norman*, 10th Dist. No. 04AP-1312, 2005-Ohio-5087.

{¶ 15} The trial court determined appellant's motion failed for a fundamental reason: credibility. Though the trial court noted that Green's testimony was consistent with his affidavit, the trial court, in no uncertain terms, did not find Green to be a credible witness. As a general rule, credibility determinations rest " 'solely with the finder of fact

and an appellate court may not substitute its own judgment for that of the finder of fact.' " *State v. Gordon*, 10th Dist. No. 10AP-1174, 2011-Ohio-4208, ¶ 13, quoting *State v. Awan*, 22 Ohio St.3d 120, 123 (1986). Importantly here, the finder of fact is free to believe all, part or none of a witness's testimony. *Id.*, citing *Hill v. Briggs*, 111 Ohio App.3d 405, 411 (10th Dist.1996).

{¶ 16} As the finder of fact, the trial court determined Green lacked credibility and, thus, the evidence was not sufficient to warrant a new trial. Although Green did not testify at appellant's trial, he was interviewed by appellant's counsel prior to trial and did not share his information even though he describes himself as a close friend of appellant. This situation is analogous to a motion for new trial based on a witness recanting his or her trial testimony. "In determining the credibility of a witness's recanted testimony, newly discovered evidence that recants testimony given at trial is looked upon with the utmost suspicion." *State v. Woodward*, 10th Dist. No. 08AP-1015, 2009-Ohio-4213, ¶ 21, citing *State v. Jones*, 10th Dist. No. 06AP-62, 2006-Ohio-5953, ¶ 25. Because measuring the credibility of witnesses is the responsibility of the trial court, only after the trial court determines that a witness's testimony is to be believed does the court move on to determining whether the new evidence would materially affect the outcome of the trial. *Id.* at ¶ 22; *see also State v. Billman*, 7th Dist. No. 12 MO 3, 2013-Ohio-5774, ¶ 44, citing *State v. Perdue*, 7th Dist. No. 04 MA 119, 2005-Ohio-2703, ¶ 18, 27. Even though this situation does not involve a recantation of prior trial testimony, the credibility determination is still the paramount concern of the trial court in assessing proposed newly discovered evidence in support of a motion for a new trial. Because the trial court here found the evidence wholly lacking in credibility, there was no need to determine whether the evidence would have affected the outcome of the trial.

{¶ 17} Even if the trial court had found Green to be credible, the trial court nonetheless did not abuse its discretion in denying appellant's motion for a new trial. The state asserts that appellant's proposed newly discovered evidence fails the first prong of the above test: it does not disclose a strong probability that it will change the result if a new trial is granted. Where the effect of the newly discovered evidence is not to place sole responsibility for the crime on someone other than the defendant and to exonerate the defendant, the testimony does not disclose a strong probability that it will change the

result if a new trial is granted. *State v. Barber*, 3 Ohio App.3d 445, 448 (10th Dist.1982) (noting that the proposed testimony, "when considered together with the testimony at trial, would not serve to exclude defendant from responsibility and exonerate her" and thus does not warrant granting a new trial).

{¶ 18} We agree with the state. At appellant's trial, the jury received instructions as to appellant as the principal offender and as to aiding and abetting. Indeed, as the trial court noted, even if Green's testimony is to be believed, it does not exclude appellant from culpability. While Green's affidavit and testimony serve to implicate Wiggins as a co-defendant in the offenses, this evidence does not establish that appellant had no knowledge of the items found in his storage unit or that he did not aid and abet Wiggins.

{¶ 19} There was ample evidence presented at trial linking appellant to the charged offenses. In addition to the drugs, money, and weapons recovered at appellant's storage unit, the state also presented evidence regarding the results of a search warrant executed at appellant's residence a few days prior to the traffic stop. That search warrant yielded large amounts of cash and a digital scale with cocaine residue, both associated with drug trafficking. When this is combined with the evidence recovered from the trash pull, the timing of appellant renting the storage unit after the search of his house and before the traffic stop, and the appellant driving to the storage unit with Wiggins after his arrest for drug possession, the jury had ample evidence from which to convict appellant. Green's testimony, when considered in light of the evidence presented at trial, does not serve to fix sole responsibility on Wiggins and exonerate appellant. Thus, because Green's affidavit and testimony did not sufficiently establish a strong probability of a different result, the trial court did not abuse its discretion in denying appellant's motion for a new trial.

{¶ 20} The trial court also expressed some serious doubts as to whether Green's testimony would be admissible at trial. Having determined the evidence is not sufficient to create a substantial likelihood of a different result, however, we decline to address the trial court's admissibility concerns. Accordingly, we overrule appellant's first assignment of error.

## V. Second Assignment of Error – Factual Findings

{¶ 21} Appellant next argues the trial court erred in making factual findings rendering its entire decision denying appellant's motion an abuse of discretion.

Specifically, appellant notes that the trial court erroneously stated that Green drove to the hearing with appellant's family "all the way from Northeast Ohio." (Emphasis omitted.) (Apr. 2, 2014 Decision and Entry, 7.) In fact, both Green and appellant's family live in the Columbus, Ohio area.

{¶ 22} Though the above statement is indeed erroneous, when read in context of the decision, it does not support a conclusion that the trial court abused its discretion in denying appellant's motion. The full statement of the trial court reads:

> Consider, too, that this witness drove *all the way from Northeast Ohio* with the Defendant's family, and *not once* did he ever say, "Well, you know, these drugs all belonged to Bruce Wiggins." And this is four weeks after the Defendant not only was convicted, but also after he had his bond revoked. Even the dullest of persons in Mr. Green's situation (i.e. close friend to the Defendant; occupied the car with the Defendant's family) had to know that the Defendant was prison bound.

(Emphasis sic.) (Apr. 2, 2014 Decision and Entry, 7.) Thus, when read in context, it is evident that the point the trial court was trying to make was that Green's explanation for not coming forward earlier with his testimony was not credible given that he was good friends both with appellant and appellant's family. Additionally, though Green did not ride with appellant's family from Northeast Ohio, he did ride in the car to appellant's sentencing hearing with appellant's family. The trial court was attempting to illustrate why it did not find Green credible; it was the close relationship Green professed to have with appellant and appellant's family that the trial court was highlighting, not the mistaken statement that Green lived in Northeast Ohio.

{¶ 23} Thus, even though this was an inaccurate statement by the trial court, it did not concern a material fact and, thus, was not dispositive of the trial court's decision in denying the motion for new trial. *See, e.g., Israfil v. Warren Corr. Inst.*, 10th Dist. No. 10AP-901, 2011-Ohio-2546, ¶ 12 (noting that, even if the trial court made an erroneous factual finding, where that finding did not involve "a dispositive fact in the case," the error was not sufficient to affect the court's decision). We overrule appellant's second assignment of error.

**VI. Third Assignment of Error – Surveillance Video of the Courthouse**

{¶ 24} In his third and final assignment of error, appellant asserts the trial court erred in permitting the state to attempt to impugn the credibility of both defense counsel and Green by introducing surveillance video of the courthouse from the time when Green stated he executed his handwritten affidavit.

{¶ 25} During the state's cross-examination of Green at the hearing on appellant's motion, the state introduced surveillance video from the Franklin County Courthouse. Appellant had stated both in his affidavit and in his testimony that, after he attended appellant's sentencing hearing, he decided to come forward to appellant's counsel. He testified that he executed his affidavit that same day while still at the courthouse following the sentencing hearing. The state showed surveillance video of Green leaving the courthouse and suggested that either Green or appellant's counsel were not being truthful as to the circumstances under which Green executed his affidavit. However, appellant asserts that a complete review of the surveillance footage would have showed Green reenter the courthouse after a short time and meet with appellant's counsel in a conference room to write and sign his affidavit. Appellant asserts it was error for the trial court to permit the state to use only a portion of the full video in its attempt to undermine Green's credibility.

{¶ 26} Once the trial court heard appellant's response that the video stopped short and would have showed Green returning to the courthouse had the full video been presented, the trial court noted on the record that "[t]he video plays no part in my determination of [Green's credibility], absolutely none whatsoever." (Mar. 28, 2014 Tr. Vol. II, 57.) Nonetheless, appellant asserts it would have been impossible for the court not to consider the video once it had seen it. "[I]t is presumed that a judge will follow the law in ruling upon a motion for a new trial when that same judge presided during the original trial." *In re Disqualification of Nichols*, 74 Ohio St.3d 1215 (1989). Additionally, " '[w]e indulge in the usual presumption that in a bench trial in a criminal case the court considered only the relevant, material, and competent evidence in arriving at its judgment unless it affirmatively appears to the contrary.' " *State v. Chatman*, 10th Dist. No. 08AP-803, 2009-Ohio-2504, ¶ 17, quoting *State v. White*, 15 Ohio St.2d 146, 151 (1968).

{¶ 27} Here, it affirmatively appears on the record that the trial court did not consider the surveillance video in making its credibility determination. The trial court gave other specific reasons it did not find Green credible. Thus, the trial court did not abuse its discretion in denying appellant's motion for new trial. We overrule appellant's third and final assignment of error.

## VII. Disposition

{¶ 28} Based on the foregoing reasons, the trial court did not abuse its discretion in denying appellant's motion for a new trial. Having overruled appellant's three assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and CONNOR, JJ., concur.

————————————