CITY OF CLEVELAND, Appellee,

v.

SHAFFER, Appellant.

[Cite as *Cleveland v. Shaffer* (1996), 112 Ohio App.3d 631.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 70140.

Decided July 22, 1996.

---

*Pinkey S. Carr,* Cleveland Assistant Prosecutor, for appellee.

*Mark D. McGraw,* for appellant.

---

*Per Curiam.*

Terry Shaffer appeals the judgment of the Cleveland Municipal Court, sitting without a jury, finding him guilty of domestic violence, a first degree misdemeanor.

On October 31, 1995, Shaffer's fiancee, Rebecca Gundich, filed charges against him at the Cleveland Prosecutor's Office stating that on the evening of October 28, 1995 around 9:00 p.m., Terry Shaffer punched her in the eye and caused injury. Based on this complaint, the prosecutor's office charged Shaffer with the crime of domestic violence.

On January 9, 1996, at trial, Gundich recanted her statement about Shaffer punching her in the eye and instead related that she had caused her own injury by running into a dresser. She admitted that she lied when she reported that Terry Shaffer had hit her. Defense counsel explained that Gundich had filed charges against Shaffer at the encouragement of her ex-sister-in-law, Theresa.

After hearing all the testimony, the trial court initially indicated that the defendant was not guilty, but after the prosecutor demonstrated an inconsistency between the testimony of the complainant and the defendant regarding Shaffer's whereabouts at the time of the eye injury, the court found Shaffer guilty of domestic violence. He now appeals and assigns the following as error for our review:

"It was reversible error for the trial court to find the defendant-appellant guilty of domestic violence when there was no competent evidence which tended to support such a verdict."

Shaffer argues that the trial court erred in finding Shaffer guilty of domestic violence because at trial the alleged victim explained to the court that she had received her eye injury by running into a dresser and admitted that she had lied when she told the police that Shaffer hit her, and, therefore, no competent evidence supported the conviction.

The city of Cleveland, on the other hand, contends that the trial court properly convicted Shaffer because the court weighed the testimony, judged the credibility

of the witnesses, and believed the alleged victim's initial statement to the prosecutor.

The issue then presented for review is whether the trial court sitting without a jury properly convicted Shaffer of domestic violence.

Ordinarily, disputed questions of fact and matters relating to the credibility of witnesses are resolved by the fact finder. In *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212, the syllabus of the court states:

"1. On the trial of a case, either civil or criminal, the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts.

"2. A reviewing court may not reverse a judgment of conviction in a criminal case in a trial court, where the record shows that a verdict of guilty was returned by a jury on sufficient evidence and where no prejudicial error occurred in the actual trial of the case or in the instructions given the jury by the court."

We also are cognizant that the Due Process Clause of the United States Constitution entitles a criminal defendant to an impartial and disinterested tribunal. *Marshall v. Jerrico, Inc.* (1980), 446 U.S. 238, 100 S.Ct. 1610, 64 L.Ed.2d 182. "The neutrality requirement helps to guarantee that life, liberty, or property will not be taken on the basis of an erroneous or distorted conception of the facts or law." *Id.* at 242, 100 S.Ct. at 1613, 64 L.Ed.2d at 188.

In this case, the complaining witness recanted her story on the day of trial, and when defense counsel attempted to advise the court of this *prior to commencement of trial,* the following colloquy took place:

"THE COURT: Mr. McGraw, what is going on? She's using this Court, and she can't do that.

"MR. McGRAW: If we have a trial, Judge, the Court can hear the facts and make a decision.

"THE COURT: Are you going to subpoena the other woman?

"MR. McGRAW: I don't know. Depends on who knows what happened.

"THE COURT: *But she is lying.* That's what domestic violence is all about. We do not let them drop the charges and say I lied and told a story. She told a detective on November 3, 1995 'that on October 28, 1995, at about 9 p.m., Terry Shaffer pummeled me in my eye and caused injury.' That's what she told me, and she signed it.

" * * * *

"THE COURT: *I think it's a waste of my time. I think this girl is lying,* I'm telling you.

"MR. McGRAW: Judge—

"THE COURT: *And I don't see a defense.* The ex-sister-in-law forced her to come downtown and sign the statement, she forced her to do that?" (Emphasis added.)

These recorded statements made prior to the presentation of any testimony demonstrate that the trial court had prejudged the case, formulated a preconceived notion of the result, and thereby precluded a fair resolution on questions of credibility and weight of evidence.

Furthermore, the record reveals that during trial when Shaffer attempted to present his defense and explain that the complaining witness's ex-sister-in-law had forced Gundich to file charges, the following dialogue occurred:

"MR. McGRAW: If you want to hear from the defendant, he could explain the bad feelings or the fall-out between him and Theresa that led Theresa to do these things. There is motivation here.

"THE COURT: Do you know what, Counselor, I'm not going to allow him to even put it on a third party. In the first place, the third party isn't even here. Secondly, she is not a witness, she did not sign that paper. It's between the two of them, and I got a feeling this girl is scared, or she wants to go back to him. I'll hear from him, but I don't want him to tell me anything about Theresa."

Based on the foregoing statements, we conclude that the trial court deprived Shaffer of fundamental due process and a fair trial. The remarks of the trial court at the outset, which could not be later corrected, influenced the result and demonstrated that Shaffer did not receive a fair hearing.

Accordingly, the judgment of conviction in this case is reversed and the cause is remanded for further proceedings.

*Judgment reversed*
*and cause remanded.*

HARPER, P.J., O'DONNELL and KARPINSKI, JJ., concur.