OPINION
Appellant's appointed counsel, Carol L. Damrauer, has submitted a request to withdraw pursuant to Anders v. California
(1967), 386 U.S. 738. In support of her request, counsel for appellant states that, after reviewing the record of proceedings in the trial court, she was unable to find any meritorious, appealable issues. Counsel for appellant does, however, set forth the following potential assignments of error:
"FIRST ASSIGNMENT OF ERROR
 "WHETHER PURSUANT TO OHIO LAW AND THE UNITED STATES CONSTITUTION, THE DEFENDANT-APPELLANT'S CONVICTION IS SUPPORTED BY SUFFICIENT PROOF OF GUILT AS TO EACH ESSENTIAL ELEMENT OF THE OFFENSE CHARGED.
"SECOND ASSIGNMENT OF ERROR
 "WHETHER DEFENDANT-APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL, IN VIOLATION OF HIS SIXTH AMENDMENT RIGHTS
"THIRD ASSIGNMENT OF ERROR
 "WHETHER DEFENDANT-APPELLANT WAS DENIED A FAIR TRIAL BEFORE A NEUTRAL AND INDEPENDENT TRIBUNAL.
"FOURTH ASSIGNMENT OF ERROR
 "WHETHER THE DEFENDANT-APPELLANT'S PROSECUTION WAS THE RESULT OF PROSECUTORIAL VINDICTIVENESS."
 Anders, supra, and State v. Duncan (1978), 57 Ohio App.2d 93, set forth the procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue. In Anders, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous he should so advise the court and request permission to withdraw. Id. at 744. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must also furnish his client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that he chooses. Id. Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. Id.
In the case before us, appointed counsel for appellant has satisfied the requirements set forth in Anders, supra. This court notes further that appellant has not filed a pro se brief or otherwise responded to counsel's request to withdraw. Accordingly, this court shall proceed with an examination of the potential assignments of error set forth by counsel for appellant and the entire record below to determine if this appeal lacks merit and is, therefore, wholly frivolous.
The facts relevant to this appeal are as follows. On September 18, 1997, appellant's daughter, Brittany Rosendale, then age fifteen, reported to Oregon Police Lieutenant Virginia Todd that appellant had assaulted her at 3:30 a.m. that morning, in the home Brittany and appellant shared with Brittany's grandparents. On September 19, 1997, a complaint was filed against appellant, in which he was charged with one count of domestic violence in violation of R.C. 2919.25(A), a fifth degree felony. On September 26, 1997, the charge was amended to a first degree misdemeanor. On October 14, 1997, a trial to the court was held, at which testimony was presented at trial by Brittany and Officer Todd.[1]
Brittany testified at trial that appellant had awakened her at 3:30 a.m. on September 18, 1997, and ordered her to go downstairs, where, over the next one and one-half hours, appellant hit her approximately five times in the chest, several times in her leg, slapped her in the face, and grabbed her by the hair and neck. On cross-examination, Brittany stated that appellant was angry with her because she had run away from home for three days. She had returned two hours before the incident occurred. Several times during the course of Brittany's testimony, the trial court had to advise her that she must answer the attorneys' questions or be held in contempt of court.
Officer Todd testified at trial that Brittany came to the Oregon police station on September 19, 1997, after she was referred by a school counselor. Todd stated that she examined Brittany, and observed marks on Brittany's neck and leg that were consistent with her account of the incident.
At the close of all the testimony, the trial court found appellant guilty of one count of domestic violence, as charged in the complaint. The trial court then sentenced appellant to serve six months at the Corrections Center of Northwest Ohio. On November 12, 1997, a timely notice of appeal was filed.
The first potential assignment of error raises the issue of whether the conviction is supported by sufficient proof of guilt as to each essential element of the offense charged. Weight of the evidence indicates that the greater amount of credible evidence supports one side of an issue more than the other. Statev. Thompkins (1977), 78 Ohio St.3d 380, 387, quoting Black's Law Dictionary (6 Ed. 1990) 1594. The Ohio
Supreme Court has defined the standard applied to determine whether a criminal conviction is against the manifest weight of the evidence:
 "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a `thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony." Id., citing Tibbs v. Florida (1982), 457 U.S. 31, 42.
To determine whether this is an exceptional case where the evidence weighs heavily against conviction, an appellate court must review the record, weigh the evidence and all reasonable inferences, and consider the credibility of witnesses. Id., quoting State v. Martin (1983), 20 Ohio App.3d 172, 175. Only if we conclude that the trier of fact clearly lost its way in resolving conflicts in evidence and created a manifest miscarriage of justice will we reverse the conviction and order a new trial.Id.
R.C. 2919.25(A) states that "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member." R.C. 2919.25(D) states that "[w]hoever violates this section is guilty of domestic violence * * *." The term "physical harm" is defined as "any injury, illness, or other physiological impairment, regardless of its gravity or duration." R.C.2901.01(A)(3).
We have thoroughly reviewed the evidence in this case and find no indication that the trial court lost its way or created a manifest miscarriage of justice by finding appellant guilty of domestic violence. Accordingly, appellant's first potential assignment of error is without merit.
The second potential assignment of error raises the issue of whether appellant was denied effective assistance of counsel at trial. The standard to be applied to claims of ineffective assistance of counsel is whether the defendant has shown that: (1) trial counsel's performance was deficient, and (2) counsel's deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. Strickland v. Washington
(1984), 466 U.S. 668, 687. To prevail on a claim of ineffective assistance of counsel, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. Id. at 689.
Appellate counsel states in her brief that she could find nothing in the record to support a claim of ineffective assistance of trial counsel. Appellate counsel notes that appellant's trial counsel "clearly advocated his client's position," and "cross-examined witnesses as best he could" after appellant changed his mind and asked trial counsel to resume his duties as counsel during the course of the trial. This court has thoroughly reviewed the record and, upon consideration of the foregoing, we find that there is no indication that appellant was deprived of effective assistance of counsel and his second potential assignment of error is without merit.
The third potential assignment of error raises the issue of whether appellant received a fair trial from a neutral and independent tribunal. "[T]he Due Process Clause of the United States Constitution entitles a criminal defendant to an impartial and disinterested tribunal." Cleveland v. Shaffer
(1996), 112 Ohio App.3d 631, 633, citing Marshall v. Jerrico, Inc.
(1980), 446 U.S. 238. However, mere disagreement or dissatisfaction with a judge's rulings "do not constitute bias or prejudice and are not grounds for the judge's disqualification."In re Disqualification of Aurelius (1996), 77 Ohio St.3d 1254,1255. In addition, allegations of judicial bias are to be raised at the defendant's earliest available opportunity. State v.D'Ambrosio (1993), 67 Ohio St.3d 185, 188.
Appellate counsel states in her brief that the record does not contain any indication of bias on the part of the trial court. Counsel also notes that appellant did not raise the issue of judicial bias in the trial court. We have thoroughly reviewed the entire record in this case and, upon consideration of the foregoing, find there is no indication that appellant did not receive a fair trial due to judicial bias. Accordingly, appellant's third potential assignment of error is without merit.
The fourth potential assignment of error raises the issue of whether appellant's conviction was obtained as a result of the vindictiveness and bias of the prosecutor. The Ohio Supreme Court has stated that the decision to prosecute is discretionary. State ex rel. Murr v. Meyer (1987), 34 Ohio St.3d 46,46-47. However, it is an uncontroverted principle that "`[t]o punish a person because he has done what the law plainly allows him to do is a due process violation "of the most basic sort."'" State v. Wilson (1988), 47 Ohio App.3d 136, 137, quotingUnited States v. Goodwin (1982), 457 U.S. 368, 372.
Upon consideration of the entire record in case and our disposition as to appellant's first potential assignment of error, we find no indication of prosecutorial vindictiveness or bias on the part of the prosecutor. In fact, the record reflects that the prosecutor amended the complaint to reduce the charge against appellant from a fifth degree felony to a first degree misdemeanor. Accordingly, appellant's fourth potential assignment of error is without merit.
Upon our own independent review of the record, we find no other grounds for a meritorious appeal. Accordingly, this appeal is found to be without merit and wholly frivolous. Appellant's counsel's motion to withdraw is found well-taken and is hereby granted. The decision of the Oregon Municipal Court is affirmed. Costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
 Peter M. Handwork, P.J.
 George M. Glasser, J.
 James R. Sherck, J.
CONCUR.
[1] The record reflects that appellant initially stated to the trial court that he wished to represent himself, with his court-appointed attorney acting in an advisory capacity. However, appellant later asked the court to allow his attorney to cross-examine Brittany, and the trial court granted appellant's request.