IN RE DISQUALIFICATION OF LESKOVYANSKY.

BUTLAND, N.K.A. RITCHIE, v. BUTLAND.

[Cite as In re Disqualification of Leskovyansky
(1999), 88 Ohio St.3d 1210.]

(No. 99–AP–024—Decided March 30, 1999.)

MOYER, C.J. Affiant, Joy Ritchie, f.k.a. Butland, has filed a motion seeking reconsideration of the dismissal of her March 25, 1999 affidavit seeking the disqualification of Judge John J. Leskovyansky from further proceedings in the above-captioned case. By entry dated March 26, 1999, affiant's affidavit of disqualification was ordered stricken because it was filed fewer than seven days before the scheduled hearing date and did not contain facts to show why it could not have been filed timely. See R.C. 2701.03(B) and In re Disqualification of Badger (1989), 43 Ohio St.3d 601, 538 N.E.2d 1023.

The statutory provision that requires an affidavit to be filed on a timely basis will be set aside only when compliance with the provision is impossible, such as where the case is scheduled or assigned to a judge or the alleged bias or prejudice occurs fewer than seven days before the hearing date. See Household Consumer Discount Co. v. Pokorny (1978), 60 Ohio App.2d 253, 256–258, 14 O.O.3d 232, 234, 396 N.E.2d 803, 806. Having reviewed affiant's motion for

reconsideration, I cannot conclude that affiant's compliance with the statutory requirement was rendered impossible by the assertions contained in the motion.

For these reasons, the motion for reconsideration is overruled.