Appellant-defendant, Mary Meadows, is appealing the Rocky River Municipal Court's verdict in favor of appellees-plaintiffs, Kenneth Marquard and Antoinette Marquard. For the following reasons, we affirm.
Appellees purchased a home from appellant, which was located at 19521 Story Road, Fairview Park, Ohio. The house was built into a hill. The lower level was at ground level on the west side, and underground on the east side. On the west side of the home, there were steps leading up to the second level. Appellant's son lived in the first level, which is referred to as the basement or the "garden apartment." About nine months after moving in, appellees discovered water leakage in the northwest corner of the basement.
The purchase agreement stated that the property was being purchased in its present physical condition. Appellant provided a Residential Property Disclosure Form, which stated that appellant had no knowledge of any water problems in the basement.
Appellee-Kenneth Marquard testified that, Mr. Deak, appellant's friend, showed them the home. Kenneth asked if there were any water problems in the basement and Mr. Deak said, "no." The judge struck Deak's answer as hearsay. Appellees also testified that they asked appellant about water problems in the basement, and she said there were none. Appellant did not recall whether appellees asked her if there were any problems with the basement.
The Marguards did not observe anything which would lead them to believe water problems existed. A sleeper couch was in the northwest corner. The basement walls appeared freshly painted.
Appellees hired a professional home inspector. The inspection report stated that the downspouts were subject to blockage. Periodic cleaning and repair of the downspouts would be necessary. The inspector noted that the grading was low and flat at the rear foundation. The report stated that improper grading accounts for most foundation water penetration. The inspector found no seepage in the basement, but noted that only 40% of the area was visible. Appellees signed an addendum to the purchase agreement, which stated that failure to notify the seller in writing of any defects found in the inspection constitutes a waiver.
When appellees took possession in August, 1996 they immediately removed the sleeper sofa left by appellant in the northwest corner of the garden apartment. After the sofa was moved, appellees did not see anything on the walls or floor indicating a problem. In June of 1997, appellees were moving their sofa away from the wall in their stocking feet, when they noticed the carpeting in the northwest corner was damp. When they pulled the carpeting back, the padding was moldy and the baseboards and drywall were rotted. A visquine sheet was underneath the carpet padding in the northwest corner, anchored down by the caulking on the walls. With the carpet peeled away, appellees could observe water coming in the basement through the west wall during heavy rains.
Appellant testified that she had new gutters and down spouts installed in 1989. Appellant replaced the carpeting in the garden apartment in July. 1990. Appellant said she was not aware that the visquine sheet was underneath the carpeting. Appellant testified that she never had any problems with water seepage. Appellant installed a new concrete lower step on the staircase that goes up the west side of the house.
Appellant's son, John Paximadis, testified that he lived in the garden apartment from 1990 to July of 1995. Water was on the carpet on two occasions. Once, the water heater broke and another time an air conditioner drain hose was knocked loose, both in the southeast corner of the basement. He never noticed any other dampness, mold or mildew. In the spring of 1995, he hit the railing imbedded in the front slate step while backing up his car. The right corner of the slate step broke off.
Appellees hired Mural and Sons to fix the problem. Robert Mural testified that the down spout located on the west wall had a piece of underground plastic pipe that was not properly connected to the sewer. The type of pipe was a type which has been in use only for the past ten to fifteen years. During heavy rains, the water would dump right along next to the foundation wall. There were cracks in the foundation slab and the bottom concrete step of the staircase. When the bottom step was removed, there was a hole in the foundation wall. The step was sloped toward the house, and water from the steps would flow into the house. When the new step was put in, the hole was patched improperly. Mural stated that rotting would just be beginning, and would not be significant after four to six months. Light mold would appear in four to six months. If the basement was wet and then dry for ten to twenty times a year, he would expect to see some rotting. He also noticed concrete had been placed between the house and the walk on the west side of the house in front of the steps.
Appellees filed a small claims complaint against appellant demanding judgment in the amount of $3,000. The case was transferred to the regular docket. At a pretrial conference, appellees were granted leave to file an amended complaint. An amended complaint was never filed. At trial, the judge stated that the original small claims complaint was before the court. In closing arguments, appellant stated that fraud was not pled with particularity.
The judge held in favor of appellees in the amount of $2,105.
 I.
Appellant's first assignment of error states:
 WHETHER UNDER THE OHIO RULES OF CIVIL PROCEDURE 9(B), PLAINTIFF IS ENTITLED TO A JUDGMENT FOR FRAUDULENT MISREPRESENTATION WHEN PLAINTIFF DID NOT PLEAD FRAUDULENT MISREPRESENTATION WITH PARTICULARITY AND FAILED TO AMEND THE PLEADINGS EVEN AFTER HAVING BEEN GRANTED LEAVE TO AMEND.
Fraud must be pled with particularity. Civ.R. 9(B). The allegations must be sufficient to inform the defendant of the act of which the plaintiff complains and enable the defendant to prepare a response. See Baker v. Conlan (1990), 62 Ohio App.3d 290. The complaint should allege the time, place and content of the fraudulent misrepresentation, the fact misrepresented and the consequences. Id.; Korodi v. Minot (1987), 40 Ohio App.3d 1, 3. Direct allegations on every material legal point need not be made if they are fairly inferred from the facts alleged. Baker, supra; see also Illinois Controls, Inc. v. Langharm (1994), 70 Ohio St.3d 512.
Appellees' complaint alleged that appellant signed a disclosure statement stating there was no problem with water leakage, but appellees discovered water leakage nine months later. The complaint alleged that appellant had knowledge of the problem when she sold the house to appellees. Appellees alleged sufficient facts to plead fraud with particularity. Although the complaint did not state the legal ground of fraudulent misrepresentation, this legal ground is fairly inferred from the facts alleged. The allegations were sufficient to put appellant on notice of the statements appellees complained of and enabled appellant to prepare an appropriate response.
Moreover, the parties tried the issue of fraudulent misrepresentation by implied consent. See Civ.R. 15(B). Both parties submitted trial briefs citing case law on fraudulent misrepresentation. Both sides presented evidence at trial to prove or disprove fraudulent misrepresentation. Appellant did not timely object to the claim of fraudulent misrepresentation. Appellant did not show how she was prejudiced by the lack of proper allegations in the complaint. Therefore, the trial court did not abuse its discretion in finding that the claim of fraudulent misrepresentation was tried by implied consent. See Civ.R. 15 (B); State ex rel. Evans v. Bainbridge Twp. Trustees
(1983), 5 Ohio St.3d 41; Mason v. Swartz (1991), 76 Ohio App.3d 43.
Accordingly, this assignment of error is overruled.
 II.
Appellant's second assignment of error states:
 WHETHER THE TRIAL COURT COMMITS REVERSIBLE ERROR WHEN IT DENIES THE DEFENSE OF CAVEAT EMPTOR, DUE TO FRAUDULENT MISREPRESENTATION WHEN THE PLAINTIFF FAILS TO OFFER SUBSTANTIAL, CREDIBLE EVIDENCE ON EACH OF THE ELEMENTS NECESSARY TO PROVE FRAUDULENT MISREPRESENTATION.
Judgements will not be reversed as against the weight or sufficiency of evidence, if the judgment is supported by competent, credible evidence going to all the essential elements of the case. C.E. Morris Co. v. Foley Construction Co. (1978),54 Ohio St.2d 279; Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77,79-80. Appellant asserts that the trial court could only find that appellant was not liable, based on the doctrine ofcaveat emptor.
 The doctrine of caveat emptor precludes recovery in an action by the purchaser for a structural defect in real estate where (1) the condition complained of is open to observation or discoverable upon reasonable inspection, (2) the purchaser has the unimpeded opportunity to examine the premises, and (3) there is no fraud on the part of the vendor.
Layman v. Binns (1988), 35 Ohio St.3d 176, syllabus. Additionally, appellant argues the language of the purchase agreement was such that it absolved appellant from liability for fraudulent non-disclosure. See Arbor Village Condominium Assn. v.Arbor Village Ltd., L.P. (1994), 95 Ohio App.3d 499, 511.
The evidence indicates that appellees had an adequate opportunity to inspect the house.
There was competent, credible evidence that the defects were latent. Neither appellees nor their experts saw any indication of a water problem. Although appellees did not move the couch, appellees did not find any problem when they moved the couch later. The inspector's report did not put appellees on notice of the defects. There was no evidence the problem was caused by improper grading. The report stated that blockage or damage to a down spout may occur, but did not state that there was an improperly installed underground pipe and a hole in the foundation.
There was sufficient evidence to demonstrate the elements of fraudulent representation or concealment. These elements are:
 (1) a representation or concealment of fact; (2) which is material to the transaction; (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred; (4) with the intent of misleading another into relying upon it; (5) justifiable reliance upon the representation or concealment; and (6) injury proximately caused by the reliance.
Black v. Cosentino (1996), 117 Ohio App.3d 40.
Appellant represented in the disclosure form and made a verbal statement that there were no water problems in the basement. Appellees testified that they repeatedly asked about the water problems, and it was material to the transaction. The trial court could find appellees justifiably relied on these statements.
There was sufficient evidence to conclude that appellant had knowledge of the water problem. There was a visquine sheet underneath the carpeting, and concrete patching the outside wall. The testimony of Robert Mural indicated that it would take a while, maybe a year, for heavy mold to accumulate and the baseboards to rot. Appellant and her son testified that they had no knowledge of the problem. The credibility of these witnesses was for the trial judge, who had the opportunity to observe these witnesses in person. On the trial of a case, either civil or criminal, the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact. See City ofCleveland v. Shaffer (1996), 112 Ohio App.3d 631.
There was sufficient evidence to support the trial court's verdict in favor of appellees.
Accordingly, this assignment of error is overruled.
 III.
Appellant's third assignment of error states:
 WHETHER THE TRIAL COURT COMMITS REVERSIBLE ERROR WHEN, IN VIOLATION OF EVID. R. 801, IT RELIES ON EXCLUDED HEARSAY EVIDENCE IN AN ACTION FOR A STRUCTURAL DEFECT IN REAL ESTATE, AND RULES THAT ALL NECESSARY ELEMENTS OF FRAUDULENT MISREPRESENTATION WERE PROVEN.
The statements made by Mr. Deak were excluded as hearsay. When the trial judge stated her findings of fact and conclusions of law on the record, she stated that Deak made a representation to the plaintiffs, with utter disregard and recklessness as to whether it was true or false. A trial court's judgment must be affirmed if there are any valid grounds to support it. Joyce v.General Motors Corp. (1990), 49 Ohio St.3d 93, 96. In this case, the evidence was clear that appellant represented on the disclosure form that there were no seepage problems in the basement. Even if the trial court improperly considered the hearsay statements of Mr. Deak, the error was harmless. See Civ.R. 61. Additionally, the rules of evidence are inapplicable in small claims court, and hearsay statements may be admissible. See Turner v. Sinha (1989), 65 Ohio App.3d 30.
Accordingly, this assignment of error is overruled.
The decision of the trial court is affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Rocky River Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KARPINSKI, J., CONCURS IN JUDGMENT ONLY (SEE ATTACHEDCONCURRING OPINION), CORRIGAN, J., DISSENTS (SEE ATTACHEDDISSENTING OPINION).
ANN DYKE, PRESIDNG JUDGE