[This decision has been published in *Ohio Official Reports* at 94 Ohio St.3d 1227.]

IN RE DISQUALIFICATION OF MCGINTY.

THE STATE OF OHIO *v*. SMITH.

[Cite as *In re Disqualification of McGinty*, 2001-Ohio-4096.]

*Judges—Affidavit of disqualification—Affidavit not timely filed, when.*

(No. 01-AP-028—Decided March 30, 2001.)

ON AFFIDAVIT OF DISQUALIFICATION in Cuyahoga County Court of Common Pleas case No. 388214.

————————————

MOYER, C.J.

{¶ 1} This affidavit of disqualification filed by Jean M. Gallagher, counsel for defendant, seeks the disqualification of Judge Timothy J. McGinty from further proceedings in the above-captioned case, *State v. Raysheem Smith*. This affidavit of disqualification was filed on March 29, 2001, which is one day prior to the pretrial hearing scheduled by Judge McGinty.

{¶ 2} R.C. 2701.03(B)(4) requires that an affidavit of disqualification be filed no later than seven days prior to the next scheduled hearing in the underlying case. This statutory requirement will be set aside only in circumstances where affiant can establish that compliance with the provision is impossible. See *In re Disqualification of Leskovyansky* (1999), 88 Ohio St.3d 1210, 723 N.E.2d 1099.

{¶ 3} Here, affiant claims that the affidavit was filed one day prior to the hearing through no fault of her own. However, affiant admits in the very next sentence of her affidavit that she neglected to immediately notify and consult with another assistant public defender regarding the filing of the affidavit. See paragraph 28 of the March 29, 2001 affidavit. Under these circumstances, and based on the affidavit and supporting materials filed by affiant, I cannot conclude that it was impossible for affiant to comply with the statutory filing requirement.

{¶ 4} For these reasons, the affidavit of disqualification is dismissed as not timely filed.  The case shall proceed before Judge McGinty.

_____