IN RE DISQUALIFICATION OF COOPERRIDER.

IN RE GUARDIANSHIP OF DOWNEY. (TWO CASES.)

[Cite as *In re Disqualification of Cooperrider*
(2001), 94 Ohio St.3d 1233.]

(No. 01–AP–073—Decided September 4, 2001.)

MOYER, C.J. This affidavit of disqualification filed by Brent A. Stubbins and John R. Allen, co-counsel for Mark Downey, seeks the disqualification of Judge Luann Cooperrider from the above-captioned cases, *In re Guardianship of E. Richard Downey* and *In re Guardianship of H. Jane Downey.*

R.C. 2701.03(B) requires that an affidavit of disqualification be filed at least seven days before the next scheduled hearing in the underlying case. The statutory filing requirement will be set aside only when compliance with the statute is impossible, such as where the case is scheduled or assigned to a judge

or the alleged bias or prejudice occurs fewer than seven days before the scheduled hearing date. *In re Disqualification of Leskovyansky* (1999), 88 Ohio St.3d 1210, 723 N.E.2d 1099.

Here, affiants filed the affidavit of disqualification on August 17, 2001, and a hearing in this matter was scheduled for August 20, 2001. Affiants suggest that the late filing is justified because they were not advised until August 16, 2001, that Judge Cooperrider would preside over the hearing. However, given the fact that affiants filed a notice of appearance on August 3, 2001, that the August 20 hearing had been scheduled since July 16, 2001, and that Judge Cooperrider is the only judge of the Probate Division in Perry County, affiants had sufficient opportunity to seek her disqualification in a timely manner. Affiants were not correct in assuming that Judge Cooperrider would recuse herself from this case in view of her prior recusal from cases involving affiant Allen.

For these reasons, the affidavit of disqualification is stricken as not in compliance with R.C. 2701.03(B). The cases shall proceed before Judge Cooperrider.