IN RE DISQUALIFICATION OF WILSON.

STATE *v.* HARRISON.

[Cite as *In re Disqualification of Wilson,* 139 Ohio St.3d 1205,

2014-Ohio-2045.]

*Judges—Affidavit of disqualification—R.C. 2701.03—Dismissed as untimely.*

(No. 14-AP-021—Decided March 31, 2014.)

ON AFFIDAVIT OF DISQUALIFICATION in Logan County Court of Common Pleas

Case No. 13-04-0084.

_____

O'CONNOR, C.J.

{¶ 1} Defendant Kandale Harrison has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Roger B. Wilson, a retired judge sitting by assignment, from presiding over any further proceedings in case No. 13-04-0084, now pending for trial in the Court of Common Pleas of Logan County.

{¶ 2} Harrison claims that Judge Wilson is prejudiced against him and "has an interest in making sure [Harrison is] convicted" in the underlying case. Harrison, however, filed his affidavit with the clerk on March 24, 2014, the day before the scheduled trial. Under R.C. 2701.03(B), an affidavit of disqualification must be filed "not less than seven calendar days before the day on which the next hearing in the proceeding is scheduled." This statutory deadline may be set aside only "when compliance with the provision is impossible," such as when the alleged bias or prejudice occurs fewer than seven days before the hearing date or the case is scheduled or assigned to a judge within seven days of the next hearing. *In re Disqualification of Leskovyansky*, 88 Ohio St.3d 1210, 723 N.E.2d 1099 (1999). Harrison claims that he did not file his affidavit earlier because he had

filed a grievance against the judge, which he thought had the same effect as an affidavit of disqualification. Harrison's mistaken views about the affidavit-of-disqualification process do not excuse his late filing of the affidavit in this case.

{¶ 3} Accordingly, Harrison has not set forth a sufficient basis for setting aside the seven-day filing requirement in R.C. 2701.03, and his affidavit of disqualification is therefore dismissed as untimely.

_____