IN RE DISQUALIFICATION OF JAMISON.

TOWNES *v.* TOWNES.

2017-Ohio-1436.]

(No. 17–AP–019—Decided March 13, 2017.)

O'CONNOR, C.J.

{¶ 1} Defendant, Antoney Townes, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Terri Jamison from presiding over any further proceedings in the above-captioned divorce case.

{¶ 2} Mr. Townes filed his affidavit on March 10, 2017, and in the affidavit, he avers that the next scheduled court date is March 14, 2017. Under R.C. 2701.03(B), an affidavit of disqualification must be filed "not less than seven calendar days before the day on which the next hearing in the proceeding is scheduled." This statutory deadline may be set aside only "when compliance with the provision is impossible," such as when the alleged bias or prejudice occurs fewer than seven days before the hearing date or the case is scheduled or assigned to a judge within seven days of the next hearing. *In re Disqualification of Leskovyansky,* 88 Ohio St.3d 1210, 723 N.E.2d 1099 (1999).

{¶ 3} Mr. Townes appears to allege that it was impossible for him to comply with the deadline "because of the wrong information given by the staff at the Supreme Court by phone" and that his first affidavit was "rejected because of the wrong information given." This explanation, however, does not establish that it was impossible for Mr. Townes to comply with the statutory seven-day filing requirement. Rather, it appears that he attempted to file a deficient affidavit, and therefore he submitted a second (and corrected) affidavit on March 10. Neither Mr. Townes's failure to initially comply with the requirements of R.C. 2701.03 nor his vague allegation that he relied on "wrong information" from court staff excuses him from the statutory deadline. Accordingly, his affidavit of disqualification is dismissed as untimely.