O'Connor, C.J.
*1226 {¶ 1} Defendant, Joy L. Marshall, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Steven Gall from presiding over any further proceedings in the above-referenced case in the Cuyahoga County Court of Common Pleas.
{¶ 2} Ms. Marshall, however, filed her affidavit on August 14, 2017-the day before the next hearing scheduled in the case. Under R.C. 2701.03(B), an affidavit of disqualification must be filed "not less than seven calendar days before the day on which the next hearing in the proceeding is scheduled." This statutory deadline may be set aside only "when compliance with the provision is impossible," such as when the alleged bias or prejudice occurs fewer than seven days before the hearing date or the case is scheduled or assigned to a judge within seven days of the next hearing. In re Disqualification of Leskovyansky , 88 Ohio St.3d 1210, 723 N.E.2d 1099 (1999).
{¶ 3} Ms. Marshall has failed to establish that it was impossible for her to timely file the affidavit. She avers that she filed a disciplinary grievance against Judge Gall on August 14, 2017, which she believes "may create further bias." But the filing of Ms. Marshall's grievance does not prove that it was impossible for her to comply with the seven-day filing requirement. Indeed, the docket indicates that Judge Gall scheduled the August 15 hearing on June 5, 2017. Yet Ms. Marshall waited to file her grievance and affidavit until one day before the August 15 hearing. If Ms. Marshall believed that Judge Gall was biased or prejudiced against her, she should have filed an affidavit of disqualification as soon as possible after the incidents giving rise to the alleged bias-rather than waiting until the day before a scheduled hearing. See In re Disqualification of O'Grady , 77 Ohio St.3d 1240, 1241, 674 N.E.2d 353 (1996). Because Ms. Marshall has not set forth a sufficient reason for setting aside the statutory filing deadline, her affidavit is dismissed as untimely.