IN RE DISQUALIFICATION OF MASCIO.

CARR *v.* LEMAL.

[Cite as *In re Disqualification of Mascio* (1990), 74 Ohio St.3d 1218.]

(No. 90–AP–011—Decided April 5, 1990.)

MOYER, C.J. The affidavit of disqualification herein was filed by Dominic J. Potts, counsel for plaintiffs Howard Carr et al., seeking the disqualification of Judge John J. Mascio from further proceedings in the above-captioned case.

Jury trial of this personal injury case concluded in February 1990. Now pending before Judge Mascio is plaintiffs' motion for a new trial. The arguments contained in that motion were offered as the basis for this affidavit of disqualification.

The record before me indicates that shortly after the jury retired to deliberate, they attempted to summon the bailiff. After court personnel still did not respond to the jury's second attempt, Judge Mascio went to the jury room and responded to their request for certain documents by stating that the documents were not admitted into evidence and therefore were not available for the jury to review. Affiant alleges that this constitutes judicial misconduct and prejudicial error that disqualifies the trial judge from further proceedings in this case.

Whether the trial judge's communication with the jury was error is a question of law and is not the issue in resolving this affidavit of disqualification. Alleged errors of law or procedure are legal issues subject to appeal and are not by themselves grounds for disqualification. *In re Disqualification of Light* (1988), 36 Ohio St.3d 604, 522 N.E.2d 458. The issue presented here is whether the trial judge should be disqualified from ruling upon the motion for a new trial, when

the basis for that motion is a claim that an aspect of the judge's conduct during trial was erroneous.

A judge is presumed to be fair, impartial, objective, and able to rule on matters where his or her own decisions are at issue. It has been held that a trial judge is not automatically disqualified from:

a. presiding at a retrial if his decision was reversed on appeal, *In re Disqualification of Kimmel* (1987), 36 Ohio St.3d 602, 522 N.E.2d 456;

b. hearing a motion to vacate sentence, *In re Disqualification of Kilbane* (1989), 42 Ohio St.3d 602, 536 N.E.2d 1153;

c. hearing a motion to vacate an adoption order when the judge presided over the adoption proceedings, *In re Disqualification of Buck* (1989), 42 Ohio St.3d 602, 536 N.E.2d 1153; or

d. hearing a motion for relief from judgment when the same judge granted a motion for summary judgment, *In re Disqualification of Badger* (1989), 43 Ohio St.3d 601, 538 N.E.2d 1023.

My review of all matters submitted in support of and in opposition to the affidavit of disqualification, and my review of the pertinent law, cause me to conclude that the affidavit of disqualification is not well taken and it is hereby denied. The cause shall continue before Judge John J. Mascio.