OPINION
Appellant David Untied appeals his conviction, in the Muskingum County Court of Common Pleas, for two counts of passing bad checks. The following facts give rise to this appeal.
On September 23, 1998, the Muskingum County Grand Jury indicted appellant on six counts of passing bad checks. Appellant appeared for his arraignment, without counsel, on October 7, 1998. The trial court entered a plea of not guilty on appellant's behalf. After failing to retain counsel, on October 29, 1998, the trial court filed a judgment entry appointing the Office of the Ohio Public Defender to represent appellant. The assigned judge to the case, Judge Hixson, subsequently recused himself from the case. Thereafter, on November 6, 1998, Chief Justice Moyer assigned retired Judge Charles Knapp to hear this matter.
Later that same month, Judge Knapp conducted a hearing to address various motions filed by appellant. The trial court sustained appellant's motion to dismiss counts two, three, five and six of the indictment. The trial court overruled appellant's remaining motions. The trial court scheduled a trial date for June 22, 1999. However, due to two changes in defense counsel, the trial of this matter did not commence until March 27, 2000. The trial court declared a mistrial due to the fact that the jury may have heard defense counsel make a statement during a sidebar.
The trial court conducted a second trial on July 11, 2000. Following deliberations, the jury found appellant guilty of the two counts of passing bad checks. The trial court revoked appellant's bond and remanded him back into custody. The adult probation department conducted a pre-sentence investigation. On August 31, 2000, appellant appeared, before the trial court, for sentencing. The trial court placed appellant on community control for one year. Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE TRIAL COURT LACKED JURISDICTION AND COMMITTED PLAIN, FUNDAMENTAL ERROR APPARENT OF RECORD BY INTENTIONALLY CONSPIRING AGAINST THE DEFENDANT BY IMPROPERLY CONDUCTING THE ASSIGNMENT PROCEDURES FOR THE ASSIGNMENT OF JUDGE CHARLES F. KNAPP TO THE CASE, FURTHER JUDGE KNAPP SHOULD HAVE RECUSED HIMSELF FROM THE CASE, ALL OF WHICH WAS IN DIRECT VIOLATION OF THE PURPOSES OF THE FIFTH, SIXTH, NINTH, AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND CORRESPONDING STATE CONSTITUTIONAL PROVISIONS CONSTITUTING AS A MINIMAL, REVERSIBLE ERROR.
 II. THE TRIAL COURT COMMITTED PLAIN, FUNDAMENTAL ERROR APPARENT OF RECORD BY FAILING TO PROPERLY ARRAIGN THE DEFENDANT IN DIRECT VIOLATION OF THE PURPOSES OF THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND CORRESPONDING STATE CONSTITUTIONAL PROVISIONS CONSTITUTING AS A MINIMAL, REVERSIBLE ERROR.
 III. THE TRIAL COURT COMMITTED PLAIN, FUNDAMENTAL ERROR APPARENT OF RECORD BY DENYING THE DEFENDANT'S RIGHT TO COUNSEL AT EVERY STAGE OF THE PROCEEDINGS IN DIRECT VIOLATION OF THE PURPOSES OF THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND CORRESPONDING STATE CONSTITUTIONAL PROVISIONS CONSTITUTING AS A MINIMAL, REVERSIBLE ERROR.
 IV. THE TRIAL COURT COMMITTED PLAIN, FUNDAMENTAL ERROR APPARENT OF RECORD BY DENYING THE DEFENDANT'S MOTION TO DISMISS FOR VIOLATING THE DEFENDANT'S RIGHT TO A SPEEDY TRIAL IN DIRECT VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND CORRESPONDING STATE CONSTITUTIONAL PROVISIONS.
 V. THE TRIAL COURT COMMITTED PLAIN ERROR BY ALLOWING ALLIED OFFENSES OF SIMILAR IMPORT TO BE TRIED BY JURY CONSTITUTING CUMULATIVE PUNISHMENT FOR SAME OR RELATED ACTS IN DIRECT VIOLATION OF THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND CORRESPONDING STATE CONSTITUTIONAL PROVISIONS.
 VI. THE TRIAL COURT ERRED WHEN IT PERMITTED PROSECUTORIAL MISCONDUCT IN CLOSING ARGUMENT IN DIRECT VIOLATION OF THE PURPOSES OF THE FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND CORRESPONDING STATE CONSTITUTIONAL PROVISIONS . . . (SIC)
 VII. THE TRIAL COURT ERRED WHEN JUDGE CHARLES F. KNAPP COMMITTED JUDICIAL MISCONDUCT DURING CLOSING ARGUMENTS IN DIRECT VIOLATION OF THE PURPOSES OF THE FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND CORRESPONDING STATE CONSTITUTIONAL PROVISIONS . . . (SIC)
 VIII.THE TRIAL COURT ERRED BY ALLOWING THE CASE TO GO TO A JURY BECAUSE THERE WAS INSUFFICIENT EVIDENCE TO ESTABLISH PROOF BEYOND A REASONABLE DOUBT TO SUPPORT A JURY VERDICT AS A MATTER OF LAW IN DIRECT VIOLATION OF THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND CORRESPONDING STATE CONSTITUTIONAL PROVISIONS . . . (THIS ASSIGNMENT OF ERROR REQUIRES A MAJORITY RULE).
 IX. THE JURY VERDICT AND CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN DIRECT VIOLATION OF THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND CORRESPONDING STATE CONSTITUTIONAL PROVISIONS . . . (REVIEW REQUESTED ONLY UPON DENIAL OF ASSIGNMENT OF ERROR IX AND REQUIRES THE MAJORITY RULE).
 X. THE ACTIONS AND OMISSIONS OF DEFENDANT'S TRIAL ATTORNEY DEPRIVED THE DEFENDANT HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.
 XI. THE TRIAL COURT FAILED TO PROPERLY FOLLOW SENTENCING PROCEDURES DURING SENTENCING AND THEN FILED A JOURNAL ENTRY CONTRADICTING THE SENTENCING HEARING IN DIRECT VIOLATION OF THE EIGHTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND CORRESPONDING STATE CONSTITUTIONAL PROVISIONS.
 XII. THE TRIAL COURT IMPOSED INAPPROPRIATE PROBATION CONDITIONS UPON THE APPELLANT IN VIOLATION OF THE EIGHTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND CORRESPONDING OHIO CONSTITUTIONAL PROVISIONS ALSO IN VIOLATION OF THE "EQUAL PROTECTION CLAUSE."
 I
In his First Assignment of Error, appellant contends the trial court lacked jurisdiction in this matter because it intentionally conspired against him when it improperly conducted the assignment of Judge Knapp to hear this matter. Appellant also contends that Judge Knapp should have recused himself from the case. We disagree.
Pursuant to the Ohio Supreme Court's decision in Beer v. Griffith
(1978), 54 Ohio St.2d 440, as a court of appeals, we are without authority to hear disqualification matters. In reaching this conclusion, the Court relied upon Section 5(C) of Article IV of the Ohio Constitution, which provides as follows:
 (C) The chief justice of the supreme court or any judge of that court designated by him shall pass upon the disqualification of any judge of the courts of appeals or courts of common pleas or division thereof. Rules may be adopted to provide for the hearing of disqualification matters involving judges of courts established by law. Id. at 441.
The Court held that "[s]ince only the Chief Justice or his designee may hear disqualification matters, the Court of Appeals was without authority to pass upon disqualification or to void the judgment of the trial court upon that basis." Id. at 441-442. Accordingly, we are without authority to address the disqualification issue raised by appellant on appeal.
Appellant's First Assignment of Error is overruled.
 II
Appellant contends, in his Second Assignment of Error, that the trial court erred in the manner in which it arraigned him because it failed to comply with Sections (A) and (C) of Crim.R. 10 and therefore, denied him his right to due process. We disagree.
Crim.R. 10 provides, in pertinent part:
(A) Arraignment procedure
 Arraignment shall be conducted in open court, and shall consist of reading the indictment, information or complaint to the defendant, or stating to him the substance of the charge, and calling on him to plead thereto. The defendant may in open court waive the reading of the indictment, information, or complaint. The defendant shall be given a copy of the indictment, information, or complaint, or shall acknowledge receipt thereof, before being called upon to plead.
* * *
(C) Explanation of rights
 When a defendant not represented by counsel is brought before a court and called upon to plead, the judge or magistrate shall cause him to be informed and shall determine that he understands all of the following:
 (1) He has a right to retain counsel even if he intends to plead guilty, and has a right to a reasonable continuance in the proceedings to secure counsel.
 (2) He has a right to counsel, and the right to a reasonable continuance in the proceeding to secure counsel, and, pursuant to Crim.R. 44, the right to have counsel assigned without cost to himself if he is unable to employ counsel.
 (3) He has a right to bail, if the offense is bailable.
 (4) He need make no statement at any point in the proceeding, but any statement made can and may be used against him.
The record in this matter indicates that appellant originally appeared for arraignment on September 30, 1998. Appellant was not represented by counsel. The trial court informed appellant that he needed to sign the recognizance bond and continued the arraignment so appellant could retain counsel and have more time to review the charges contained in the indictment. Tr. Arraignment, Sept. 30, 1998 at 3-5. At the arraignment conducted on October 7, 1998, appellant again appeared without counsel. The trial court entered a plea of not guilty on appellant's behalf and informed appellant to notify either the prosecutor's office or the court as soon as he retained counsel. Tr. Arraignment, Oct. 7, 1998, at 3.
We conclude, based upon our review of the record, that the trial court did comply with the requirements of Crim.R. 10 when it arraigned appellant. " 'Due process of law * * * does not require the state to adopt any particular form of procedure, so long as it appears that the accused has had sufficient notice of the accusation and an adequate opportunity to defend himself in the prosecution.' " Garland v. State ofWashington (1914), 232 U.S. 642, 645, quoting Rogers v. Peck (1905),199 U.S. 425, 435. Accordingly, we cannot say that appellant was denied a proper arraignment pursuant to Crim. R. 10.
Appellant's Second Assignment of Error is overruled.
 III
In his Third Assignment of Error, appellant maintains the trial court denied him his right to counsel at every stage of the proceedings. We disagree.
In support of this assignment of error, appellant contends that the trial court failed to conduct a hearing pursuant to Crim.R. 44 to determine whether appellant was able to retain counsel. Crim.R. 44(D) specifically provides that "[t]he determination of whether a defendant is able or unable to obtain counsel shall be made in a recorded proceeding in open court." Crim.R. 44 does not require the trial court to conduct a hearing to determine whether a defendant is able to retain counsel. It only requires that such determination be recorded and made in open court.
In the case sub judice, appellant never indicated, to the trial court, that he was not able to retain counsel. At the arraignment on September 30, 1998, the prosecutor informed the trial court that appellant was being represented by the Ohio Public Defender's Office in another case. Tr. Arraignment, Sept. 30, 1998, at 3. Appellant stated that he was in the process of determining whether he would be able to retain counsel.Id. Further, on October 7, 1998, appellant indicated to the trial court that he had not yet retained counsel but that he had been to several appointments and that he had two more that day with Attorneys Peter Cultice and Michael Johnson. Tr. Arraignment, Oct. 7, 1998, at 3. Appellant also stated that he had an appointment scheduled with the public defender's office. Id.
Based upon appellant's statements to the trial court, it reasonably appeared as if appellant either intended to retain counsel or allow the public defender's office to represent him in this matter. Subsequently, on October 29, 1998, the trial court appointed the Ohio Public Defender's Office to represent appellant because appellant was unable to retain counsel. Appellant filed a memorandum opposing the appointment of the public defender on the basis that the public defender may be called as a witness in the case. The trial court granted appellant's request to have the public defender removed from the case and gave appellant thirty days to retain new counsel.
Appellant never retained counsel within the thirty day period. On June 23, 1999, the trial court, at appellant's request, appointed Attorney Todd Fitz to represent him. On July 27, 1999, the trial court filed a judgment entry again appointing the public defender's office. Appellant filed a motion to dismiss the public defender's office on November 10, 1999. On November 29, 1999, Attorney Allen Carter, Sr. filed a notice of appearance. Attorney Carter represented appellant at trial.
The record clearly indicates that appellant had several attorneys represent him during these proceedings. Those time periods during which appellant did not have representation were the result of appellant's decision to remove counsel from the case. Appellant also maintains that the trial court forced him to sign the speedy trial waiver without benefit of counsel. However, the written time waiver indicates both appellant and his attorney at the time, Iveless Cruz, signed the waiver. We conclude appellant was not denied his right to counsel during these proceedings.
Appellant's Third Assignment of Error is overruled.
 IV
In his Fourth Assignment of Error, appellant contends he was denied his right to a speedy trial. We disagree.
The right to a speedy trial is encompassed within the Sixth Amendment to the United States Constitution. The availability of a speedy trial, to a person accused of a crime, is a fundamental right made obligatory on the states through the Fourteenth Amendment. R.C. 2945.73 mandates that if an accused is not brought to trial within the time requirements of R.C. 2945.71 and R.C. 2945.72, the accused shall be discharged. The prosecution must strictly comply with R.C. 2945.71 and 2945.73. State v.Reeser (1980), 63 Ohio St.2d 189, 191; State v. Rockwell (1992),80 Ohio App.3d 157, 165. Pursuant to R.C. 2945.71(C)(2), a person against whom a felony charge is pending, "[s]hall be brought to trial within two hundred seventy days after his arrest."
In the case of State v. O'Brien (1987), 34 Ohio St.3d 7, the Ohio Supreme Court addressed the issue of an express written time waiver, as applied to a defendant's constitutional speedy trial rights, and the procedure required to revoke such waiver. The Court held:
 1. An accused's express written waiver of his statutory rights to a speedy trial as provided in R.C. 2945.71 et seq., if knowingly and voluntarily made, may also constitute a waiver of the coextensive speedy trial rights guaranteed by the United States and Ohio Constitutions.
 2. Following an express, written waiver of unlimited duration by an accused of his right to a speedy trial, the accused is not entitled to a discharge for delay in bringing him to trial unless the accused files a formal written objection and demand for trial, following which the state must bring the accused to trial within a reasonable time. Id. at paragraphs one and two of the syllabus.
Based upon our review of the record, we conclude appellant signed a knowing and voluntary express, written time waiver of his constitutional right to a speedy trial on April 28, 1999. The record also indicates appellant filed a "Notice Of Withdrawal Of Waiver For Speedy Trial with Attached Affidavit Jura Novit Curia" on June 7, 1999. Appellant's notice of withdrawal of time waiver did not include a demand for trial. Thus, the time waiver signed by appellant on April 28, 1999, was still in effect because appellee did not follow the mandates of O'Brien by also including a demand for trial.
Even if we were to determine that appellant effectively revoked his written time waiver on June 7, 1999, the record indicates appellant's first trial commenced within the time period provided for in the statute.[1] Further, the time period between the trial court's declaration of a mistrial on March 27, 2000, and the commencement of his second trial on July 11, 2000, is not governed by R.C. 2945.71. "Those statutory speedy trial periods do not apply to retrials, but they nevertheless serve as useful guidelines in terms of what is considered a `reasonable time' for constitutional speedy trial purposes." State v.Polhamus (June 18, 1999), Montgomery App. No. 172832, unreported, at 2, citing State v. Fanning (1982), 1 Ohio St.3d 19, 21.
Instead, in determining whether appellant's speedy trial rights were violated by the delay between the mistrial and the commencement of the second trial, it is appropriate to apply the balancing test set forth by the United States Supreme Court in the case of Barker v. Wingo (1972),407 U.S. 514. This test requires courts to balance and weigh the conduct of the prosecution and that of the accused by examining four factors: the length of the delay, the reason for the delay, whether the accused has asserted his speedy trial rights, and any resulting prejudice to the accused. Id. at 530.
"* * * [T]he length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." Polhamus at 2, citing Barker at 530.
Generally, delays over one year are presumptively prejudicial. Statev. Kelly (1995), 101 Ohio App.3d 700; Doggett v. United States (1992),505 U.S. 647. In the case sub judice, one hundred and three days passed between appellant's mistrial and the start of his second trial. We do not find this delay to be presumptively prejudicial. Thus, appellant was not denied his right to a speedy trial.
Appellant's Fourth Assignment of Error is overruled.
 V
In his Fifth Assignment of Error, appellant maintains the two counts of passing bad checks were allied offenses of similar import. We disagree.
R.C. 2941.25 addresses crimes of similar import and provides as follows:
 (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.
In the case of State v. Mitchell (1983), 6 Ohio St.3d 416, 418, the Ohio Supreme Court set forth a test to determine whether crimes are allied offenses of similar import. The Court explained the test as follows:
 * * * [C]ourts have employed a two-step analysis described in State v. Logan (1979), 60 Ohio St.2d 126, 397 N.E.2d 1345, [14 O.O.3d 373]. The first step requires a comparison of the elements with which the defendant is charged. Allied offenses of similar import are those offenses whose elements correspond to such a degree that the commission of one offense will result in the commission of the other. Id. at 128. * * * In the event that the court finds the offenses being compared are allied offenses of similar import, it must proceed to the second step of analysis which is indicated under R.C. 2941.25(B). This level of inquiry involves a review of the defendant's conduct for a determination as to whether the offenses were committed separately or with a separate animus as to each. If the offenses were so committed, the defendant may be convicted of them all.
Recently, in the case of State v. Rance (1999), 85 Ohio St.3d 632,638, the Ohio Supreme Court clarified that the statutory elements must be compared in the abstract, without reference to the particular facts of the case. The Court explained:
 But contrary to the approach taken by the court of appeals, we today clarify that under an R.C. 2941.25(A) analysis the statutorily defined elements of the offenses that are claimed to be of similar import are compared in the abstract. Newark v. Vazirani [(1990), 48 Ohio St.3d 81], and language in other opinions to the contrary, are overruled. Courts should assess, by aligning the elements of each crime in the abstract, whether the statutory elements of the crimes 'correspond to such a degree that the commission of one crime will result in the commission of the other.' [Citations omitted] [Emphasis sic.]
We conclude R.C. 2941.25(B) is applicable to the facts of this case. Both offenses, although containing identical elements, were separate offenses because appellant issued two separate checks, on two separate days. Thus, appellant committed two separate crimes of the same kind.
Appellant's Fifth Assignment of Error is overruled.
 VI
Appellant maintains, in his Sixth Assignment of Error, that the prosecutor committed misconduct during closing arguments. We disagree.
The test for prosecutorial misconduct is whether the prosecutor's conduct at trial was improper and prejudicially affected the substantial rights of the defendant. State v. Lott (1991), 51 Ohio St.3d 160, 165, certiorari denied 498 U.S. 1017. A prosecutor's conduct during trial cannot be grounds for error unless the conduct deprives the defendant of a fair trial. State v. Apanovitch (1987), 33 Ohio St.3d 19, 24. It is based upon this standard that we review appellant's arguments under this assignment of error.
In support of this assignment of error, appellant first cites to the following statements made by the prosecutor during his closing argument:
* * *
 MR. HADDOX: First of all, we have Mr. Untied's fiancee. Interest or bias? She says Mr. Untied gives her $6,000. Now, I don't know about you folks, but that's a lot of money, and if I gave my spouse or you gave your spouse $6,000, don't you think you might inquire about where it went? And does this look like the checking account of a man who has $6,000?
MR. CARTER: I am going to object, Your Honor.
THE COURT: Overruled.
 MR. HADDOX: A balance of no more than 500 bucks at any one time.
 And then she tells you, "I didn't deposit it in the account, I paid other bills with it." Have you seen any written documentation —
 MR. CARTER: Objection, Your Honor, and I need to approach. Tr. at 203-204.
Appellant maintains that the prosecutor's statements were improper because it made it appear as if the appellant had the burden to produce evidence. We disagree with this interpretation. It is clear from reading the transcript that the prosecutor made these statements in the context of explaining witness credibility. The statements did not deprive appellant of a fair trial.
Appellant also claims that when the prosecutor stated, "Have you seen any written documentation — " he improperly interjected his personal opinion. We do not believe that by making this statement, the prosecutor expressed his personal opinion about the case. This statement also did not deprive appellant of a fair trial.
Finally, appellant also refers to the following statement in support of this assignment of error:
 MR. HADDOX: If I steal your car today and take it back in two weeks when I get caught, did I not steal your car? If I go across the street and I rob First National Bank today of $35,000 and three months later, when I get caught, if I take it back — Id. at 209.
The prosecutor did not commit misconduct when he made this statement as it was in response to appellant's defense that he attempted to pay Lowe's after he was notified that he had insufficient funds in his checking account.
Appellant's Sixth Assignment of Error is overruled.
 VII
Appellant contends, in his Seventh Assignment of Error, that the trial court judge committed judicial misconduct during closing arguments when he told defense counsel to sit down and not argue. We disagree.
The following exchange occurred between the trial court and defense counsel:
 THE COURT: Just a moment. The objection is overruled.
MR. CARTER: And I would like to —
THE COURT: Don't argue.
MR. CARTER: I would like to —
THE COURT: Don't argue. Sit down.
MR. CARTER: I would like to proffer for the record.
THE COURT: Sit down. Id. at 209.
A judge is presumed to be fair, impartial, objective, and able to rule on matters where his or her own decisions are at issue. In ReDisqualification of Mascio (1990), 74 Ohio St.3d 1218, 1219. When this exchange occurred, the trial court judge had just permitted defense counsel to object, overruled the objection and permitted defense counsel to proffer evidence for the record. We do not find the trial court judge committed misconduct by not again permitting defense counsel to proffer evidence and instructing him to sit down in his chair in order for the prosecutor to continue with his closing argument.
Appellant's Seventh Assignment of Error is overruled.
 VIII
In his Eighth Assignment of Error, appellant maintains that the jury's verdict is against the sufficiency of the evidence. We disagree.
On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. We find appellant's conviction for two counts of passing bad checks supported by the sufficiency of the evidence. Appellant argues the state failed to prove that he failed to pay or reach an acceptable payment arrangement within ten days after receiving notice of dishonor. Based upon our review of the record, we conclude the state presented sufficient evidence to support appellant's conviction for two counts of passing bad checks.
Appellant Eighth Assignment of Error is overruled.
 IX, X, XI, XII
We will not address appellant's Ninth, Tenth, Eleventh or Twelfth Assignments of Error as these assignments of error are contained in the portion of appellant's brief that exceeds the page limit under Loc.R. 9(B).
Loc.R. 9(B) provides as follows:
 (B) Length of Briefs. In addition to the requirements of App.R. 16, no appellant's or appellee's brief or cross-appellant's or cross-appellee's brief, excluding appendices, table of contents, table of cases, statement of assignments of errors, and statement of the issues shall exceed thirty pages, unless, upon a motion requesting an increase of a specific number of pages and the showing of good cause, this Court orders otherwise. No reply brief shall exceed fifteen pages.
Accordingly, appellant's Ninth, Tenth, Eleventh and Twelfth Assignments of Error are overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Muskingum County, Ohio, is hereby affirmed.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed.
Pursuant to App.R. 24(A)(2), appellant shall pay costs in this matter.
 ______________________ By: Wise, J.
Hoffman, P. J., and Boggins, J., concur.
[1] The time periods during which appellant was not represented by counsel and the various motions filed by appellant tolled the running of the statutory time period within which to bring appellant to trial. See R.C. 2945.72(C) and (E).